Williams *vs.* McMichael.

64    445
100   503

## WILLIAMS *vs.* McMICHAEL.

[WARNER, Chief Justice, being engaged in presiding over the senate organized as a court of impeachment, did not sit in this case.]

On the 12th day of January, 1877, Mrs. McMichael rented to Williams a certain described lot of land for the year 1877, he promising in writing to pay her as rent one fourth of all crops produced on the premises. He entered under the contract, and occupied until the middle of May, 1877, when his father-in-law (one Rogers) proceeded against him by affidavit (Code, §4072) as an intruder. Williams filed no counter-affidavit, nor did he give any notice to his landlady, but to the officer who came to evict him he acknowledged himself the tenant of Rogers. On these terms the officer agreed not to expel him, and did not in fact expel him, but made return on the affidavit that he had executed it by dispossessing him. Afterwards Williams rented the premises from Rogers.

On the 17th of April, 1878, Mrs. McMichael sued out a distress warrant against Williams for the rent, claiming one-fourth of the crops, according to the terms of the written contract, and fixing the value thereof at three hundred dollars. The warrant was levied and thereupon Wiliams made affidavit that the amount claimed was not due, in whole or in part. At the trial of this issue the facts above recited appeared in evidence, and the actual value of one-fourth of the crops was proved to be $189.07, the tenant himself being the only witness. The court charged the jury "that such an eviction as shown was not such an eviction as would release the defendant from the payment of the rent due to the plaintiff." The jury found for the plaintiff $189.07, the amount which the defendant himself testified that the one-fourth of the crop was worth.

*Held*, 1. That without defending his possession or giving his landlady notice that it was attacked, the tenant could not treat himself as evicted, and attorn to another.

*Held*, 2. That, in a civil case, where upon the widest and most favorable view that can be taken of the evidence, it presents no legal defense, the court may so instruct the jury as matter of law. So to charge is not to express or intimate an opinion as to what has or has not been proved, but to declare the legal effect of all that the defendant has attempted to prove, considering the whole as successfully established.

BLECKLEY, Justice.