## 18.  GEORGIA RAILWAY AND ELECTRIC CO. *v.* COLE.

1. When in a civil case the undisputed facts clearly and necessarily estab-
   lish a certain legal conclusion, the court may so instruct the jury, and
   to do so is not a violation of the Civil Code, § 4334, which forbids the
   judge "to express or intimate his opinion as to what has or has not been
   proved." This inhibition of the law applies to cases of conflicting
   evidence.
2. In a suit by one claiming to be a passenger on the defendant's car, for
   injuries received by him while such passenger, resulting from the negli-
   gence of the defendant, and the undisputed facts and circumstances, and
   all fair and legitimate inferences therefrom, clearly establishing the
   legal conclusion that at the time the injuries were inflicted the relation
   of passenger and carrier existed, it was not error in the trial judge to
   so charge the jury.
3. If, under the undisputed facts, the relation of passenger and carrier did
   exist at the time of the alleged injury, the only rule of care applicable
   to such case, imposed upon the carrier, was the duty of extraordinary
   diligence, and the court did not err in restricting the charge on this
   subject to such degree of diligence.
4. The evidence fully warranted the verdict, and the general grounds of the
   motion for a new trial are not meritorious.

Action for damages, from city court of Atlanta—Judge Reid.
March 10, 1906.

Argued January 9,—Decided January 18, 1907.

To the facts stated in the opinion it may be added, that the in-
jury to the plaintiff was occasioned by being struck on the head
by the corner of a swinging window that was being lowered by the
motorman from the roof immediately above the car platform to its
frame just in front of where the motorman stood to drive the car,
as the plaintiff stepped on the front platform to enter the car.

*Rosser & Brandon, Walter T. Colquitt, Ben. J. Conyers,* for plain-
tiff in error.  *Reuben R. Arnold, Harvey Hill,* contra.

HILL, C. J.   W. A. Cole sued the Georgia Railway and Electric
Company for injuries received by him while a passenger on one of
its cars.   On the trial of the case the jury, under the evidence and
the instructions of the court, found a verdict for the plaintiff.   A
motion was made by the defendant for a new trial, which being
overruled, was by proper assignment of error brought to this court.
In addition to the general grounds contained in the motion for a
new trial, certain specific grounds of error are assigned.   The
general grounds are not meritorious, as the verdict is fully sup-
ported by the evidence, and the trial judge was satisfied therewith.

The several specific grounds of error really amount to only two, stated in a variety of ways in the motion.

1, 2. One of these grounds is as follows: "Because the court erred in charging unequivocally that the relation of passenger and carrier existed between plaintiff and defendant, under the circumstances, as detailed in the evidence." It is insisted that this question was one of the issues in the case, and its determination by the court as a matter of law was an invasion of the province of the jury. An examination of the evidence in the record shows, that the plaintiff was injured while on the steps of the front platform of the car, and while entering said car for the purpose of becoming a passenger; that the car was on the track of the defendant for the purpose of receiving passengers; and that passengers were actually boarding said car. These facts were not disputed by the defendant. It is true it was contended that the car had reached the north terminus of the track, and that the conductor and motorman in charge were engaged, at the time of the alleged injury, in their respective duties of preparing the car for the return trip. There is no evidence that the car was not ready for the reception of passengers; on the contrary, the evidence conclusively shows that the car was ready for the reception of passengers, was actually receiving them at the time of the injury to the plaintiff, and that the plaintiff was one of the passengers, who, by the implied invitation of the defendant, was in the act of boarding the car for the purpose of taking passage at the time he was hurt. Do these undisputed facts show that the relation of passenger and carrier existed at the time of the alleged injury? There is some conflict in the authorities as to when the relation of carrier and passenger begins with reference to railway depots and grounds, but it can not be doubted that when a person is on the steps or platform of the car which is open for the reception of passengers, in the act of entering for the purpose of becoming a passenger, this relation exists. A person occupies the position of a railroad passenger as respects the railroad company, who, having approached the railroad for that object, undertakes, with its express or implied consent, to travel in the car provided by it for the purpose. Baldwin on American Railroad Law, 300. And it is held that the relation of passenger may thus arise although the conveyance has not started on its journey. Hutch. Car. §565; *Chattanooga, R. & C. R. Co.* v. *Huggins,* 89

*Ga.* 494. In the case of *Perry* v. *Railroad,* 58 *Ga.* 461, the Supreme Court of Georgia holds that "one who has a railroad ticket and is present to take the train at the ordinary point of departure is a passenger, though he has not entered the car."

It is insisted by the very able counsel for the plaintiff in error, that at the time the plaintiff got on board the car, the defendant had extended no invitation, either express or implied, for him to become a passenger; that the plaintiff himself testified that before he undertook to board the car, he saw that the preparations for the return trip had not been completed, and that both the employees in charge of the car were actively engaged in making such preparations; and that the motorman, by a "forbidding glance," brought him to a halt upon the step of the car. It may be true that preparations to start the car on the return trip had not been completed when the plaintiff got aboard, but there is no evidence whatever tending to show that at that time the car was not ready to receive intended passengers. On the contrary, it is indisputably shown that the car was at the place on the track for the reception of passengers, that the doors were open, and that the passengers were in the act of getting on the car,—among them being the plaintiff, for the purpose of being conveyed to the city. Readiness to start the car is entirely different from readiness to receive passengers, and the latter usually precedes the former. Under the uncontroverted facts in this case, it would be as reasonable to say that a person was not a passenger who was sitting in the railroad car, at the railroad station, for the purpose of becoming a passenger, because the engine had not been coupled to the cars and the conductor had not given the signal to start. An examination of the evidence fails to show any word, act, or glance of the motorman forbidding the plaintiff from getting on the car, and we can not think that because he saw that the employees were adjusting the trolley and the controller preparatory to starting, these facts indicated that the car was not ready for his reception. The indisputable facts and circumstances, and all reasonable inferences therefrom, clearly establish the legal conclusion that the relation of passenger and carrier did exist at the time the plaintiff received his injuries; and the court did not err in so instructing the jury. This proposition is so obviously sound as hardly to require the support of authorities. We cite a few cases decided by the Supreme Court of this State on

the subject under consideration. "The construction of the law arising from undisputed facts is undoubtedly within the jurisdiction of the court." *Thornton* v. *Lane,* 11 *Ga.* 461. "The statute prohibiting the judge from expressing or intimating an opinion on the evidence applies to cases of conflicting evidence." *Hooks* v. *Frick,* 75 *Ga.* 715. "In a civil case, where, upon the widest and most favorable view that can be taken of the evidence, it presents no legal defense, the court may so instruct the jury as a matter of law. So to charge is not to express or intimate an opinion as to what has or has not been proved." *Williams* v. *McMichael,* 64 *Ga.* 445. "Where no evidence of any kind is introduced in support of a given plea, the court may state to the jury that such is the fact." *Underwood* v. *American Mtge. Co.,* 97 *Ga.* 238.

3. It follows, from the foregoing, that the court did not err in instructing the jury that the only rule of diligence applicable to the facts of the case was the duty of extraordinary diligence, and in refusing to charge the law of ordinary diligence. A carrier of passengers in this State is bound to exercise "extraordinary diligence on behalf of himself and his agents to protect the lives and persons of his passengers;" and this rule applies to the reception, transportation, and discharge of such passengers. Civil Code, §2266.

4. The evidence fully sustains the verdict. The trial judge is satisfied therewith, and we affirm the judgment of the court overruling the motion for a new trial.          *Judgment affirmed.*