### DANIEL *v.* CHARPING *et al.*

GEORGE, J. 1. A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land. Civil Code, § 3258; *Bashinski* v. *Swint,* 133 *Ga.* 38 (65 S. E. 152); *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075); *Renitz* v *Williamson,* 149 *Ga.* 241 (99 S. E. 869).

2. Accordingly, the court did not err in overruling the demurrer to the petition, and in admitting in evidence upon the trial of the case parol testimony tending to sustain the allegations of the petition, it appearing that the plaintiff in the equitable suit remained in the possession of the land.

3. That the court in his charge to the jury intimated an opinion upon an uncontested and undisputed fact in the case is not cause for a new trial.

4. The evidence authorized the verdict.

*Judgment affirmed. All the Justices concur.*

No. 1916. JANUARY 14, 1921.

Equitable petition. Before Judge Hodges. Elbert superior court. February 6, 1920.

In 1884 James B. Turner conveyed to Mrs. Sarah E. Charping 120 acres of land in Elbert county, for life, with remainder to her children. The life-tenant, wishing to obtain a loan upon the land, executed on October 10, 1914, and solely for that purpose, a deed to her eleven children, all of whom were of legal age. On the same date ten of the children conveyed their interest in the land to one of the children, to wit, J. H. Charping. The latter entered into a written agreement to reconvey the land to the children in the event he should fail to borrow the money. Application for a loan on the land was made, but the loan was never procured. Mrs. Charping remained in the actual and exclusive possession of the land, and none of the children made any claim to the present right of possession thereof. The deed from Mrs. Charping to her children was recorded on October 10, 1914, but the deed from ten of the children to J. H. Charping was never recorded. In 1915 J. H. Charping and two of his sisters con-

veyed by separate deeds their respective one-eleventh interests in the land to M. F. Daniel. In 1916 another of the children conveyed her one-eleventh interest in the land to M. F. Daniel. Thereafter M. F. Daniel filed his petition for partition against the seven children of Mrs. Sarah E. Charping who still retained their interests in the land. Mrs. Charping filed an equitable petition against M. F. Daniel and each of her named children. In addition to the facts above stated, she alleged the following: M. F. Daniel had actual knowledge, at the time of his purchase from the children, that the deed of October 10, 1914, to the children was made solely for the purpose of procuring a loan and as a necessary step in the procurement of the loan; that none of the children claimed the present right of possession to the land, and that the children in fact intended to convey only their respective interests in the land after the termination of the life-estate. She prayed that the deed of October 10, 1914, be canceled; that the life-estate in the land be decreed to be in her; and that partition of the land be denied. The children answered the petition, admitting the allegations thereof. M. F. Daniel demurred upon the ground that the petition set forth no cause of action, and that parol evidence was inadmissible to add to, vary, or contradict the terms of the deed of October 10, 1914, the same appearing to be unambiguous. He also answered the petition. The demurrers were overruled, and the demurrant excepted pendente lite. Upon the trial of the case the jury returned a verdict for the plaintiff. M. F. Daniel filed his motion for a new trial, which was overruled; and he excepted. He assigned error also on the judgment overruling his demurrer.

*Z. B. Rogers,* for plaintiff in error. *Grogan & Payne,* contra.