### 12119.   WILBORN *v.* BARNES.

STEPHENS, J.   1.   Where, upon the trial of a suit of a child nine years of age for injury received from having been run over by an automobile on a public highway, the evidence authorized the inference that the conduct of the child was a contributing cause of the injury, a charge instructing the jury as to the standard of care required of a child of tender years would have been pertinent and proper; and where no such charge was given, and the court charged. the jury that where a pedestrian and a person operating an automobile are using a public highway, it is the duty of each to exercise his right to use the highway with due regard to the corresponding right of the other, it was error to fail to charge in accordance with a proper written request, timely made by the plaintiff, embodying the correct standard of care required of a child of tender years, as follows:  " Due care in a child of tender years in such care as its capacity, mental and physical, fits it for exercising in the actual circumstances of the occasion and situation under investigation.  Due care according to age and capacity is all the law exacts of a child of tender years.  Neither the average child of its own age, nor the prudent man is a standard by which to measure its diligence with legal exactness."  Civil Code (1910), § 3474;  *Linder* v. *Brown*, 137 *Ga.* 352 (5) (73 S. E. 734).

2.   It is unnecessary to pass upon the assignments of error involving a construction of that part of the act of 1915 which regulates the operation of motor-vehicles (Ga. L. Ex. Sess. 1915, p. 107).  Since these provisions of the act have been held to be unconstitutional by the Supreme Court of this State (*Jones* v. *State*, 151 *Ga.* 502, 107 S. E. 765), the alleged errors are not likely to occur on another trial.

3.   The language used by the Supreme Court in discussing a proposition of law is not always suitable and appropriate for use in a charge to a jury.  The second and third written requests to charge consist of language taken from decisions of the Supreme Court.  It happens that the language of either request is not appropriate matter to be given in charge to a jury;  and, besides, so much of the matter contained in these requests as is pertinent to the issues on trial was substantially given in the charge of the court.

4.   It is discretionary with the court to allow counsel to propound leading questions to a witness, and such practice is generally permissible on cross-examination.  There appears to have been no abuse of this discretion on the part of the trial judge in permitting counsel for the defendant to propound on cross-examination leading questions to the plaintiff's witnesses who were children of tender years.

5. A verdict having been rendered for the defendant, it was error for the court to overrule the plaintiff's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Hill, J., concur.*

DECIDED FEBRUARY 28, 1922.

Action for damages; from city court of Griffin — Judge Goodrich. December 30, 1920.

*Clarkson & Axley,* for plaintiff.

*Lloyd Cleveland, Philip M. Cleveland,* for defendant.