*John P. & Dewey Knight,* for plaintiff in error.

*R. A. Hendricks,* contra.

---

## 14790.   ROME RAILWAY & LIGHT COMPANY *v.* JACKSON.

LUKE, J.   1.  The court did not err in overruling the demurrer to the petition.

(a) "A person occupies the position of a railroad passenger as respects the railroad company, who, having approached the railroad for that object, undertakes, with its express or implied consent, to travel in the car provided by it for the purpose." *Georgia Ry. & Elec. Co.* v. *Cole,* 1 *Ga. App.* 33, 34; (57 S. E. 1026); *Smith* v. *Seaboard Air Line Ry.,* 10 *Ga. App.* 227 (73 S. E. 253); *Western & Atlantic R. Co.* v. *Voils,* 98 *Ga.*

446 (26 S. E. 483, 35 L. R. A. 655); 4 Elliott on Railroads, § 1579.

2. The court did not err in charging the jury relative to whether or not the plaintiff was, as alleged in the petition, a passenger of the defendant street-railway company at the time of his injury.

3. There is no merit in that ground of the motion for a new trial which complains that the court erred in permitting counsel for the plaintiff to propound to a witness certain alleged leading questions. The questions propounded were not leading questions, and, even if they had been, the allowance of such questions is within the sound discretion of the trial court, and there appears to have been no abuse of this discretion in the instant case. *Wilborn* v. *Barnes*, 28 *Ga. App.* 254 (4) (110 S. E. 738).

4. The other special grounds merely amplify the general grounds; and, there being evidence to authorize the verdict returned, the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur:*

DECIDED MARCH 6, 1924.

Action for damages; from Floyd superior court—Judge Wright. June 9, 1923.

1.  Because of injuries from being struck by a street-car of an electric-railway company when he was about to board a street-car of the same company, on a parallel track in the City of Rome, Jackson sued the company. The defendant demurred on the grounds: (1) No cause of action is stated in the petition. (2) The allegations show that the plaintiff, of his own accord, walked directly into the path of an oncoming street-car which could have been clearly seen by him, and by the exercise of ordinary care he could have avoided the consequences of the negligence complained of. (3) The allegations do not show that the plaintiff was a passenger of the defendant, but show that he had not become a passenger and was not entitled to extraordinary care, as alleged in paragraph 10 of the petition; and defendant prays that this paragraph be stricken. (4) It is not shown that the injury was not caused by the plaintiff's own negligence and that he could not have avoided the injury by the exercise of ordinary care and diligence.

In the petition it is alleged, that at a described point in a named street the defendant has a double track used for cars passing each other in going from Rome to Lindale, and vice versa, where there is a stopping point at which the defendant receives and discharges passengers. Petitioner was walking in a southerly direction on the sidewalk on the right-hand side of the street, between four and five o'clock in the afternoon of the 20th of October, 1922, and, for

the purpose of going to Lindale on a car of the defendant, which was standing on the right-hand track, he walked from the sidewalk and went in front of that car, and "got around over on the front left-hand side of" the car, that being the only way to get into it at that place. Immediately upon his going to the door of the car for the purpose of getting into it, and while waiting for the conductor and motorman in charge of it to open the car door and let him in, a street-car of the defendant, coming from Lindale and going in a northerly direction, suddenly and quickly came running up on the other track, which ran parallel to the track on which stood the car that he was in the act of boarding, and struck him on the right hip, and inflicted injuries described. He does not know the names of the conductors in charge of the cars. In paragraph 10 it is alleged: "Petitioner . . , having gone to said place where passengers of the defendant are received and discharged, with the intention of boarding a street-car of the defendant, and being almost in the act of getting on said car, . . petitioner was in fact and in law a passenger of the defendant company, and, as such passenger, was entitled to extraordinary care and diligence on the part of the agents and employees of the defendant company." He alleges further, that he was in the exercise of due care for his own protection and safety at ·the time he was injured, and that his injuries were occasioned solely by the negligence of the agents and employees of the defendant. His back was turned to the oncoming car which struck him, and the motorman in charge of it saw him or by the exercise of ordinary care could have seen him, and knew or should have known that he was at that place for the purpose of boarding the street-car, and that he was in the act of boarding it. The motorman in charge of this oncoming car was inexperienced and did not know how to handle the car with proper diligence and caution, "in that when he saw petitioner standing at said street-car and near the track . . he knew or should have known that he could not run the . . car by him without striking him." It was the grossest kind of negligence to run the street-car against petitioner, and this gross negligence renders the defendant liable in damages to petitioner. Petitioner did not know and had no reason to believe that the motorman would run the car up to and against him, and had no reason to anticipate that the motorman would do anything but stop the car and not hit him.

The act of the motorman in driving the car against him amounted to recklessness, negligence, and carelessness.

The ground of the motion for a new trial to which paragraph 2 of the decision refers is as follows: "The court charged the jury as follows: 'He says that he was in law a passenger on this street-railway company, that he had arrived at their stopping place, the place where they took on and discharged passengers, and that he was in front of the door, waiting to get on the car and waiting for the door to open, where he was invited by the defendant railway company to be, and that he became in law a passenger, and that this defendant owed him extraordinary care not to injure or hurt him. . . You may look further and see whether or not the plaintiff was a passenger of the defendant railway company. I charge you, if you should find in this case that this place, at which the plaintiff was alleged to have been in his petition, was a regular stopping place for the taking on and discharging of passengers, and if you find that the plaintiff had arrived at the place for taking on and discharging of passengers, and he was standing there waiting for the car to open, with the intention of entering the car and becoming a passenger, and the car was there at the time, then I charge you, in law, he would be a passenger.' Movant insists that this charge was error, in that neither the pleadings nor the evidence were sufficient to authorize the charge as given; . . that nowhere in the pleadings were facts alleged to show that plaintiff was a passenger at the time of his injury, nor did the proof introduced upon the trial show that he was a passenger; that it was not alleged or proven that the conductor in charge of defendant's car, that plaintiff alleged he wanted to enter, was notified in any way by plaintiff that he wanted to enter said car, or that said conductor recognized or accepted him as a passenger, or did any act towards permitting plaintiff to enter the car or to be received as a passenger; that plaintiff was not in any act of boarding said car at the time he was struck. Movant insists that the law governing street-railroads . . requires some act on the part of a person proposing to become a passenger, towards actually entering a street-car, and some act on the part of the employee of the street-railroad in charge of the car showing acceptance of the person as a passenger, before such person can become a passenger. Merely standing on the street before an act of entry and acceptance does not make a person a passenger as a matter of law,

For which reason movant insists said charge was error, and a new trial should be granted because of the extra burden of care placed upon defendant because thereof."

*Linton A. Dean, Lamar Camp,* for plaintiff in error.

*Porter & Mebane,* contra.