774

## 24912. PATE *et al. v.* CARROLLTON CLINIC.

STEPHENS, J.   1. Where two persons, one of whom has inflicted a physical injury upon another, agree with the authorities of a hospital to which the injured person has been taken for treatment for the injuries, to pay the hospital expenses for the treatment of the injury, the contract when properly construed is one by which the obligors are to pay the hospital expenses for the patient's treatment for the injury received, for such period as from the nature of the injuries could reasonably have been taken to have been in the minds of the contracting parties. After the injured person has been in the hospital several days and before he has received the treatment necessary to his injuries, and, on account of his injuries, before he can be safely discharged from the hospital, one of the obligors can not absolve himself or the other obligor from further liability to the hospital for the treatment of the injuries by paying the amount due for treatment and services rendered up to date and disclaiming any liability in a notice to the hospital authorities for further treatment to be rendered by the hospital to the injured person. Upon the trial of a suit brought by the hospital to recover of the defendants payment for hospital treatment alleged to have been furnished by the plaintiff to a person injured, under a contract with the defendants, where the evidence authorized the inference that the defendants had contracted to pay for the hospital services as alleged, and that after the injured person had been in the hospital and had been there receiving treatment under the contract and, from the nature of his injuries, before he could be safely discharged from the hospital, one of the defendants paid to the plaintiff the amount due for services up to date and notified the plaintiff that he would not be responsible for any services to the injured person thereafter rendered, it was not error, and was not prejudicial to the defendants as being a misstatement of the law and unauthorized by the evidence and the pleadings in the case and as an expression of opinion as to what had been proved, for the court to charge the jury that if the contract was a joint contract by the defendants and was a contract by which the plaintiff was to treat the patient until the patient's condition improved to such an extent that he could be safely released from the hospital, one of the contracting parties defendant could not, before the patient's condition was such that he could be safely released from the hospital, cancel or abrogate the contract as to the other defendant.   Neither did the court err in failing or refusing to charge that if it appeared from the evidence that if the defendants had contracted with the plaintiff for hospital treatment to be rendered by the plaintiff to the patient in the hospital, and later notified the plaintiff that the defendants would not be responsible for any further treatment after the date of the notice, the plaintiff could not recover for any services to the patient thereafter rendered.

2. A statement by the court in the charge that a certain fact has been proved is not harmful error and is not cause for a new trial, under the provisions of the statute requiring a new trial where the court expresses an opinion as to what has been proved, where the fact stated as

having been proved is not in controversy but is established by uncontradicted and undisputed evidence. Where in the case on trial it appeared from the undisputed evidence that the person who it is alleged became a patient in the hospital had been sick at his home at a designated place in the county, it was not error as an expression of an opinion as to what had been proved, which demanded the grant of a new trial, for the court in the charge to state that the evidence showed this as a fact.

3. The excerpts from the charge of the court which, as contended in the motion for new trial, contained expressions of opinion by the court as to what had been proved, contained only statements by the court as to the contentions of the plaintiff, and statements as to what had been proved hypothetically. These excerpts therefore are not subject to the exception that they contained expressions of opinion by the court as to what had been proved.

4. The evidence authorized the inference that the defendants by an original undertaking agreed with the plaintiff to pay for the treatment of a patient in the hospital, and did not demand the inference that the defendants made an agreement to pay the debt of another, and that the contract, which was not in writing, was unenforceable under the statute of frauds.

5. The verdict for the plaintiff was authorized, and no error appears.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED MARCH 3, 1936.

*Willis Smith,* for plaintiffs in error. *Boykin & Boykin,* contra.