30120.   CARROLL *v.* THE STATE.

DECIDED OCTOBER 26, 1943.

*Mrs. Charles Camp,* for plaintiff in error.

*Henderson Lanham, solicitor-general,* contra.

BROYLES, C. J.   The defendant was tried for an assault with intent to murder, and was convicted of unlawfully shooting at another.   His motion for new trial was overruled.

The evidence, while conflicting, amply authorized the verdict. The only special ground of the motion for a new trial argued or insisted on in the brief of counsel for the plaintiff in error is as follows: "Because the court erred in charging the jury as follows: 'I charge you that the relationship of husband and wife gives each the right to mutually protect the other; in other words, the husband would have just the same right to protect his wife as he would to protect himself; and you will apply that rule of law in determining whether or not, whatever he did, if anything, if it was done in defense of his wife or himself, and you will apply that rule, that same rule, as if he did the shooting to protect himself.'   Because said charge was error, highly prejudicial, hurtful and harmful to the defendant, and an invasion of the province of the jury, in that same was an expression of opinion on the part of the court that the defendant did the shooting, and decided a question of fact, and in effect instructed the jury that the defendant did the shooting, and to apply that rule, if in the defense of his wife, as if 'he did the shooting to protect himself,' and defendant says that the same was error, requiring the grant of a new trial."

We do not think that the ground shows reversible error for any reason assigned.   It is well settled by numerous decisions of the Supreme Court and this court that it is not reversible error for the court to intimate or express in his charge an opinion as to an undisputed fact in the case.   It is equally well settled that a special ground of a motion for new trial must be complete and understandable within itself, and that the appellate court will not consider it where, in order to understand whether the alleged error was really error, and reversible error, the court is required to refer

to the brief of the evidence, or to some other part of the record. In this case it can not be determined from the ground itself, without a reference to the brief of the evidence, whether or not the fact that the defendant "did the shooting" was disputed or undisputed. The ground does not allege that the defendant denied that he did the shooting, and does not allege that the evidence as to whether he did it was in dispute; and the law is well settled that the burden is upon the plaintiff in error to show not only error, but reversible error. Furthermore, if the ground should be considered, it does not affirmatively appear that the excerpt from the charge constituted reversible error. The court, just before giving the instruction complained of, charged the jury as follows: "*So you look to the evidence in this case,* under the definition of shooting at another, which the court has just charged you, *and see whether or not the defendant,* at any time within four years prior to the finding and returning of this indictment, *did shoot* at the person named in the indictment in the manner charged." (Italics ours.) The court further charged: "The court has given you these various rules of evidence that you might apply them to the contentions of the State and the defendant, but the court does not intimate or express to you what has or has not been proven. You will determine that for yourselves from the witnesses who have testified and the defendant in his statement. Then you will apply the rules of law that the court has given you in charge to the facts as you determine and find them to be, and make a verdict that speaks the truth." We do not think that the excerpt complained of, when considered in the light of the entire charge and the facts of the case, discloses reversible error.

*Judgment affirmed. Gardner, J., concurs.*

MACINTYRE, J., concurring specially. I think that the ground in the motion for a new trial excepting to the part of the charge quoted in the above opinion, presents a basis for review by this court, and that it is not subject to the objection that it is not complete and understandable within itself, and should be considered. But, when considered on its merits, it discloses no reversible error.