SELLERS v. JOHNSON et al.

WYATT, Justice. 1. The general grounds of the motion for new trial having been abandoned, no statement of facts is deemed necessary.

2. Special ground one complains of the admission in evidence of a very lengthy excerpt from the testimony of a witness, R. A. Eaton; the substance of the testimony excepted to being that the witness measured the stumps and laps of certain trees alleged to have been cut by the plaintiff in error, the value of which was sought to be recovered; and, after testifying that he was not an expert in the matter of measuring lumber or trees, he was permitted to give his estimate of how much lumber the trees alleged to have been cut would produce. The objection to the testimony was: "I move to rule out his testimony; he can't testify as to the amount of lumber there was supposed to have been there, from what he saw there, from what he saw left there, the stumps and the tops, the laps. Even if he had seen the trees, he is not experienced in measuring lumber; he is not an expert in that matter, and I move to rule out all his testimony." The witness having given the facts upon which he based his opinion, the evidence was clearly admissible. See Code, § 38-1708; *Augusta and Summerville Railroad Co. v. Dorsey*, 68 *Ga.* 228 (11); *Hardin v. Rubin*, 169 *Ga.* 608 (2) (151 S. E. 31); *Beasley v. Burt*, 201 *Ga.* 144 (3) (39 S. E. 2d, 51).

3. The second special ground complains of the following excerpt from the charge of the trial court: "If you find that he (Tommie Sellers) had no interest in the property, he would not have any right to recover for anything for the timber cut by Mollie Bell Johnson, and he would be liable as a wilful trespasser for the timber he cut and removed from there." The contention is that the quoted excerpt amounts to the expression of an opinion by the trial judge that the plaintiff in error had cut timber from the land in question. There is no merit in this exception, for the reason that the plaintiff in error himself testified that

he had cut timber from the land in question. It follows, from what has been said above, that no error appears in the judgment denying the motion for new trial.

*Judgment affirmed. All the Justices concur.*

No. 17132. JULY 12, 1950.

*William A. Thomas*, for plaintiff.
*Gordon M. Combs*, for defendants.