32896. LOKEY *et al. v.* LOKEY, administrator, *et al.*

DECIDED JULY 13, 1950. REHEARING DENIED JULY 26, 1950.

*Stevens & Stevens, Randall Evans Jr.,* for plaintiffs.
*Cumming, Nixon & Eve, Robert E. Knox,* for defendants.

WORRILL, J. Harriet Lokey and Julia Lokey, minor children of a deceased son of G. W. Lokey, who died on February 29, 1948, brought an action in the Court of Ordinary of McDuffie County on July 14, 1949, through their mother and natural guardian, Mrs. Elizabeth Lokey, to remove James T. Lokey as administrator of the estate of G. W. Lokey. One of the adult children of G. W. Lokey, Leonard N. Lokey, intervened and adopted the pleadings and prayers of the plaintiffs and the

other five adult children intervened and adopted the pleadings and prayers of the administrator. By consent the case was appealed to the Superior Court of McDuffie County. The plaintiffs introduced James T. Lokey as an opposite party and cross-examined him and also introduced some documentary evidence. There was no further evidence. The jury returned a verdict in favor of the administrator. The plaintiffs filed a motion for new trial, and by amendment added several special grounds. The court overruled the motion, and the exception is to that judgment.

■ The first special ground, numbered 4, complains of the following charge of the court: "I call your attention and give you in charge now, gentlemen, a principle of law I wish you to bear in mind in your deliberations in this case. It is § 113-1229 of the Code of 1933. 'Whenever the ordinary knows, or is informed by any person having any interest in the estate that the administrator wastes or in any manner mismanages the estate, or that he or his sureties are likely to become insolvent, or that he refuses or fails to make returns as required by law, or that for any reason he is unfit for the trust imposed in him, he shall cite such administrator to answer to such charge at some regular term of the court, and upon the hearing of his return the ordinary may, in his discretion, revoke the letters of administration, or require additional security, or pass such other order as in his judgment is expedient under the circumstances.' This proceeding was taken under that particular section of the Code and I wish you to bear that in mind in your deliberation in this case, because you are now in the position of the ordinary of this county to pass upon this case. And I call your attention to the fact that as stated in this particular Code section which I have read that it will be in the discretion of the jury, after hearing all of the evidence in the case, to remove or not to remove the administrator. That discretion remains in you. After hearing all of the evidence in the case, you may or may not remove the administrator. That discretion remains in you, that being entirely a matter for you to decide." It is contended that the language immediately after that quoting the Code, § 113-1229, misled the jury and left them with the impression that they had an unbounded discretion as to removing or not removing the

administrator, regardless of what the evidence disclosed. The jury here acting in the place of the ordinary and vested with his discretion (*Stanley* v. *Spell*, 46 *Ga. App.* 91, 166 S. E. 669), had before it evidence upon which they might act as authorized by the Code, § 113-1229. While the only evidence was the testimony of the administrator, it is not contended that the movants were denied the right to introduce further evidence. It can not reasonably be said that the jury understood that they were to render any verdict except one based on evidence. The court elsewhere charged that "if you believe under the evidence that the contentions of the plaintiffs are correct, and under the rules of law I have given you in charge, then it would be your duty to return a verdict in favor of the plaintiffs, which would mean that James T. Lokey would be removed as administrator." No error is shown.

■ Special ground 5 assigns error on the following charge of the court: "I charge you if you find from the evidence in this case that James T. Lokey has been shown to have operated the farm in the second current year after G. W. Lokey Senior's death, that his act would be unauthorized by law and you would be authorized to remove him if you find such facts to be proven. It is for you to determine what has or has not been proven. And in that connection I will say you will bear that section of the Code in mind when I give you certain requests in charge. That matter is entirely within your discretion to remove or not to remove the administrator." It is contended that the evidence conclusively showed that the administrator had farmed the lands of the estate in the second year in violation of law, and that the court charged the jury in such a way as to cause them to think that there was an issue in that respect. It is disclosed by the record that the administrator admitted the charge of conducting farming operations in the second year without an order of court, though he sought to justify himself because the adult heirs had consented thereto, yet under the charge of the court the jury was left to determine whether or not this charge was true. If they erroneously found to the contrary, they would not have thought any action necessary on that score. But if they had been properly informed of such admission, as the court in its discretion had the right to inform them, they would have had

the right, in their discretion, to remove the administrator or to take other action authorized by the Code, § 113-1229. *Georgia Fla. & Ala. Ry. Co.* v. *Jernigan,* 128 *Ga.* 501, 503 (57 S. E. 791); *Daniel* v. *Charping,* 151 *Ga.* 34 (3) (105 S. E. 465); *Georgia Railway & Electric Co.* v. *Cole,* 1 *Ga. App.* 33 (1) (57 S. E. 1026); *Pate* v. *Carrollton Clinic,* 52 *Ga. App.* 774 (184 S. E. 780); *Snellings* v. *Rickey,* 57 *Ga. App.* 836 (2) (197 S. E. 44); *Carroll* v. *State,* 70 *Ga. App.* 78 (27 S. E. 2d, 423). Manifestly the charge took from the jury their right to exercise this discretion upon an admitted fact and constituted reversible error. We are cited by counsel for the defendant in error to *Daniel* v. *Bank of West Point,* 147 *Ga.* 695, 698 (95 S. E. 255), where it is said: "If a testator can give legal direction as to the management of his estate after his death, there seems to be no reason why the legal and equitable owners of an estate after an intestate's death, who are sui juris, can not do the same thing by directing the operation of the business after all the debts of the estate are paid, to the extent of their own interest." The administrator in the present case did not have the consent of the representative of the two minor children on whose behalf the citation here issued, and the consent of the other heirs, though sui juris, was not sufficient authority for the conduct of the farming operations of the estate after the first year. This charge was, therefore, error.

■ The charge of the court, "Now, gentlemen, you have noticed in this charge I have given you the statement that you would be authorized to remove the administrator. I wish to emphasize that statement. It does not mean that you are directed to remove him. It is in your discretion, gentlemen, whether you will or will not remove the administrator, even if any or all of those acts charged have been proven, that being entirely a matter for you," was not error for the assigned reason that the effect of it was to cause the jury to believe that, even if all of the acts charged against the administrator were proved to be true and were undenied, the jury could allow him to remain in office. That charge accords with the law. The Code, § 113-1229, does not require, and we know of no law which requires, an ordinary, or a jury in his stead, to remove the administrator under the circumstances of the present case where, though admittedly

there were certain violations of the law, no loss is claimed to have resulted to the estate, and where no accounting is sought. Movants contend that this charge gave the jury no rule for the exercise of their discretion. While this particular excerpt did not do so, the court had already charged the provisions of the Code, § 113-1229, as to citing an administrator to answer charges of misconduct in office and that upon the hearing of his return the "ordinary may, in his discretion, revoke the letters of administration, or require additional security, or pass such other order as in his judgment is expedient under the circumstances." This Code section furnishes the necessary guidance for the exercise of the ordinary's or jury's discretion as to remedial measures to be adopted against a negligent or derelict administrator upon consideration of the evidence upon the hearing. It is thus seen that an ordinary or a jury in his stead has a broad discretion in the premises, and that the law does not require his removal, even if guilty of mismanagement or misconduct, as the only remedial measure. The jury may in its discretion do something else. It may "pass such other order as in their judgment is expedient under the circumstances." The record here shows a violation of the law in certain respects, though without financial loss to the estate, and it is a striking circumstance that no accounting is sought from him. Certainly it can not be said that the jury may not, in their discretion, do aught but remove him. The charge is not subject to the criticism made.

█ Error is assigned on the following charge of the court: "Now, gentlemen, I charge you this: It is the duty of an administrator to administer the estate in good faith and to the best interest of the estate, and if he has done so and the estate has not suffered as the result of his administration in any way, and he has not mismanaged the estate or substantially failed to comply with the requirements of the law, then there are no sufficient grounds on which to have him removed as administrator. Therefore, if you should find that even though James T. Lokey may have in the administration of G. W. Lokey Sr., failed in some minor matters to comply with the requirements of the law in reference to the administration of the estate, nevertheless, if the estate has not suffered any loss by reason thereof, and you do not find that he has in any way or manner wasted

or mismanaged the estate in such a way that will cause the heirs at law to receive less from the estate than they otherwise would, then you shall find in his favor and that he shall not be removed as administrator." It is contended (1) that the court expressed an opinion in using the language "failed in some minor matters" and (2) that the court withdrew from the jury the exercise of any discretion in erroneously instructing them that if the administrator was guilty of violating the law but has not caused any financial loss to the estate they shall not remove him. Undoubtedly, for reasons urged in (2) above, the court committed reversible error in this charge. The court may not lawfully tell a jury that they have no right to remove an administrator under the circumstances named. In doing so the court invades the province of the jury by withdrawing its discretion. In *Crump* v. *Williams,* 56 *Ga.* 591, it was said: "There is no conflict in the evidence that the administrator did not damage the estate as directed by the will of the testator, or in accordance with the requirements of the law, but it is insisted in his behalf, that although that may be so, still the estate was not injured, but on the contrary was benefited by the illegal acts of the administrator. This defense by the administrator is not sufficient to prevent his removal under the provisions of the 2511th section of the Code [now § 113-1229]. An administrator cannot be allowed to violate the public law of the State in the management of the estate entrusted to him, and then be heard to say that such violation of the law was for the benefit of that estate, when called on to show cause why his letters of administration should not be revoked." It will be observed that the Supreme Court said that his defense was not sufficient to prevent removal, which we take to mean in the discretion of the jury as conferred by the Code, § 113-1229, but not to require it. See, in this connection, *Perdue* v. *McKenzie,* 194 *Ga.* 356 (3) (21 S. E. 2d, 705). The expression "failed in some minor matters" should not have been used. Under the Code, § 113-1229, the discretion of the ordinary, or a jury acting in his stead on appeal to the superior court, is very broad and may be exercised whether the violation of law under consideration is a minor or major "matter," and the court may not in either event withdraw that discretion. The use of the language objected to was calculated to cause the jury

to believe that the court was of the opinion that some of the illegal acts of the administrator were of minor consequence, and if the jury so found they could not remove him. Such is not the law. Even if the jury found some derelictions of the administrator to be "minor matters" they might regard them as presaging more serious infractions, and having found such violations of the law might, in their discretion, remove the administrator. We are cited by counsel for the defendants in error to *Johns* v. *Johns,* 23 *Ga.* 31 (8), wherein it was held that "The court ought to look with much scrutiny into a bill for the removal of executors. They ought not to be removed for slight causes, nor solely on the ground of poverty." That ruling is not to be construed to mean that a judge would be authorized to instruct a jury that if an *administrator* has been guilty of a violation of the law in the management of an estate, but his act has not resulted in any loss to the estate, the jury could not remove him. As pointed out by the Supreme Court in *Perdue* v. *McKenzie,* supra, in that case the property of an estate had been withdrawn from an executor by an interlocutory order and placed in the hands of a *receiver.* Placing property in the hands of a receiver is always a harsh measure. It is particularly so when assets are taken from an executor, a person appointed by a testator. The Supreme Court very properly held that in such circumstances courts ought to look with much scrutiny into a bill for the removal of an executor, who ought not to be removed for slight cause or solely on the ground of poverty. The ruling there must be restricted to the facts and not be construed to authorize a court to say to a jury that they can not remove an administator who has "failed in minor matters" though he has not caused any loss to the estate he represents. That action is something that a jury may take or not take in its discretion, and this discretion will not be controlled unless abused.

■ The charge of the court, "I charge you if you find that the heirs at law of G. W. Lokey Sr., who are of age, have consented to the operation of the business of the deceased by the administrator beyond the calendar year, they can not object to any of his acts in connection with his operation of the business," was error for the assigned reasons that (1) consent to the operation of the business as stated would not deprive the heirs at law

from the right to object to any act in connection therewith which might be unlawful or subversive of their interests and (2) it was confusing to the jury, in that it was not shown by the evidence that the two children of a deceased son of the intestate, acting through a proper representative, had also consented.

■ No error is shown by ground 9 of the motion for new trial.

■ The charge of the court, "I charge you that if you find from the type of property in this estate and the use to which it could most profitably be employed it was to the best interest of the estate that the farm should be operated after the end of the calendar year of 1948, and if you should further find that such operation of the farm had not resulted in any loss to the estate, then I charge you that such operation of the farm after the end of the calendar year would not constitute mismanagement of the administrator so as to authorize you to find against the administrator for that reason," was error for the assigned reason that it withheld from the jury the exercise of discretion in determining whether or not the administrator should be removed because of conducting farming operations of the estate beyond the calendar year of 1948, though without loss to the estate. See *Perdue* v. *McKenzie*, supra.

■ Special ground 11 not being argued or insisted upon is treated as abandoned.

■ The charge of the court, "I charge you that the administrator may, in his discretion, continue the business of the deceased throughout the calendar year, and even though he should not continue to operate such business profitably such loss will be chargeable to the estate. And if you find that the business of the deceased was farming and the selling of livestock, then his administrator, James T. Lokey, was authorized to continue through 1948 the operation of the same type of business without the order of any court. After 1949 if you find that he continued the operation of the farming business as before, then I charge you that the administrator did so at his own risk, and if he lost money in doing so he would be personally liable for such losses," was error for the assigned reason that, while it instructed the jury that if the operation of the business after the first calendar year resulted in loss to the estate the administrator would be liable therefor, it implied that he would not be subject to re-

moval, thus withdrawing from the jury the exercise of discretion.

Ground 13 of the motion for new trial complains of charges of the court which have been dealt with in divisions 4 and 7 of the opinion hereinabove, and no further discussion is necessary.

Because the judgment must be reversed on account of the errors above mentioned, it is unnecessary to rule upon the general grounds of the motion for new trial.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*