36403. FARMER *v.* THE STATE.

476

Decided October 17, 1956.

*Jacobs & Gautier,* for plaintiff in error.

*Wm. M. West, Solicitor-General, Hal Bell, Assistant Solicitor-General,* contra.

Townsend, J. ██ ██ Special grounds 1 and 3 of the amended motion for new trial complain of testimony of Gordon and Price, the confessed thieves of 100-pound bags of sugar from the Ralston Purina Plant in Macon, where they were employees, to the effect

that Gordon only had control of the running of grinding machines, and Price had no authority to go to the warehouse except when sent there by his superiors. Testimony to the same effect was admitted without objection from the witness Arno R. Tagge, manager of the plant. The defendant cannot complain of the admission of evidence where other evidence to the same effect is admitted without objection. *Pressley* v. *State,* 205 *Ga.* 197 (1) (53 S. E. 2d 106).

■ No error prejudicial to the defendant is shown by permitting the witness to state that the foreman at the mill could not see what was happening at the warehouse, even though the testimony was a conclusion as contended, the witness also stating the facts on which the conclusion was based—that the warehouse was three-quarters of a mile from the plant, the respective locations of the buildings, and that from the mill the witness himself could not see into the warehouse at night. *Sellers* v. *Johnson,* 207 *Ga.* 166 (2) (60 S. E. 2d 352); *Harris* v. *State,* 69 *Ga. App.* 872 (27 S. E. 2d 51). Special ground 2 is without merit.

■ An assignment of error on the exclusion of evidence must show, among other things, that a proper objection to the evidence was made at the time it was offered. An objection that: "I don't know the relevancy in this case whether his company had to make a record or not. We object to any testimony along that line" is too general to warrant consideration of special ground 4. *Reed* v. *White,* 207 *Ga.* 623 (8) (63 S. E. 2d 597); *Kell* v. *Hunter,* 84 *Ga. App.* 792 (4) (67 S. E. 2d 597).

■ Count 1 of the indictment charges the defendant with receiving from Gordon and Price fifty 100-pound bags of sugar "unlawfully stolen theretofore on January 5, 1955, by the said Gordon and Price . . . after the said Gordon and Price had broke and entered into the storehouse and place of business of the said Ralston Purina Company with intent to commit a larceny . . . the said Gordon having entered a plea of guilty to the said offense of burglary in the Superior Court of Bibb County, Georgia, under count 2 of indictment no. 6761 on the 30th day of August 1955, which count of said indictment charged the said Gordon with the theft of the aforesaid property; and the said Price having entered a plea of guilty to said offense of burglary," etc. Special ground 5 complains of the admission of these

indictments in evidence on the ground that the evidence in the case on trial fails to show a burglary was committed (it being contended that the offense of Gordon and Price was larceny from the house). Special ground 9 complains of a charge on the ingredients of the offense of burglary containing the statement "it is a breaking, within the law, to open a door with a key and enter with intent to steal," and special ground 10 likewise complains of a reference to burglary in the charge. "The record of the conviction of the principal thief is conclusive evidence of his conviction, but is merely prima facie evidence of his guilt; but the introduction of such record in evidence by the State places the onus upon the accessory of disproving the guilt of the principal." *Ford* v. *State*, 162 *Ga.* 422 (3) (134 S. E. 95). Special ground 5 is without merit because this prima facie showing must be made by the introduction of this record. There was testimony from which the jury was authorized to find that the warehouse was located at some distance from the mill; that the keys to the warehouse were left hanging in an office at the mill; that Gordon only had authority to take the keys and go to the warehouse when specifically sent there for a particular purpose, and that on the night in question he took the keys without authority to do so, and he and Price entered the warehouse with intent to steal and did steal the sugar in question. The use of a key to open the door of the room or building under such circumstances constitutes a breaking (*Colbert* v. *State*, 91 *Ga.* 705 (1), 17 S. E. 840), and where thereafter an entry is effected with intent to steal, the offense is burglary. Accordingly, none of these grounds show error and, as to the general grounds, there is no variance between the allegata and the probata, as contended.

■ "After the defendant has made his statement and rested his case, the admission of evidence not in rebuttal of defendant's statement is a matter in the sound discretion of the court." *Moore* v. *State*, 151 *Ga.* 648 (4) (108 S. E. 47). See also *Cooper* v. *State*, 103 *Ga.* 63 (29 S. E. 439); *Odum* v. *State*, 21 *Ga. App.* 310 (94 S. E. 257); *Woodward* v. *State*, 197 *Ga.* 60 (28 S. E. 2d 480). After the defendant stated to the jury, "If I bought any goods that were stolen, it was unbeknowing to me," the court did not abuse his discretion in allowing testimony of a witness for the State that when first arrested the defendant had denied

buying any sugar, but later admitted to its purchase, and also testimony by the same witness as to the location of the defendant's residence and the location of the sugar cache, although the latter part of the testimony was not strictly in rebuttal of the defendant's statement.

■ The charge complained of in special ground 8 that where a witness has been impeached and his unworthiness of credit established to the satisfaction of the jury, "the testimony of that witness should be rejected entirely unless it is corroborated as to material matters by other competent and credible evidence, or is corroborated as to material matters by the facts and circumstances of the case as you find them to be," is not error. *Pierce v. State*, 53 *Ga.* 365.

■ It is contended in special grounds 10 and 11 that certain excerpts from the charge express an opinion that the defendant did purchase sugar which had been stolen. While we do not believe the excerpts cited are subject to this construction, the evidence in this case nevertheless demands a finding that the defendant purchased sugar and that the sugar which he purchased was stolen. This being the case it would not in any event be error for the court to so state. *Abbott v. State*, 91 *Ga. App.* 380 (3) (85 S. E. 2d 615). It is not contended that the excerpts complained of intimated an opinion on the part of the trial judge that the defendant had knowledge of the fact that the sugar was stolen at the time he purchased it.

■ "It is not error for the trial court in his charge to fail to enumerate without request specific circumstances under which a defendant should be acquitted, where the charge as given fully and fairly states all the essential ingredients of the crime and further states that unless each of them is proved beyond a reasonable doubt, the verdict must be for acquittal." *Tucker v. State*, ante. The failure to charge without request in the language set out in special ground 12 is not error.

■ The State's primary witnesses, Gordon and Price, were employees of the Ralston Purina plant as grind operator and loader respectively. They had been stealing sugar from the plant over a period of time and selling it to one Billy Hawthorne who ran a store, making their deliveries at night around midnight or later. The defendant met Gordon at the store and informed him

that since Hawthorne was slow pay, if Gordon could get hold of any more sugar he would take it cash on delivery, and gave him a telephone number where he could be reached after midnight. A few nights later Gordon arranged to meet the defendant at a restaurant near the mill. There was a discussion as to whether the sugar should be moved in a company truck or in a pick-up truck which Farmer had at the restaurant, and the defendant stated that since he was taking a chance hauling it himself he only wanted to pay $7 per bag instead of $8 which Gordon wanted. The wholesale price of sugar was about $8.75 per bag. Farmer and an unidentified man drove a truck to where another truck was parked on the street; Farmer got into this truck and drove it to the company warehouse, then left with the driver of the first truck, arranging to meet Gordon back at the restaurant. Gordon then drove the defendant's truck to the mill, obtained the keys to the warehouse, unlocked it, and loaded the truck with fifty 100-pound bags, drove it back to the restaurant and delivered it to the defendant, who paid him $350. In January or February of 1955 the defendant and Gordon arranged for the delivery of 30 sacks between 4 and 5 a.m. on a country road. The witnesses met the defendant and Tucker at the designated place; Tucker got into the car Price was driving and the defendant into the one driven by Gordon. The defendant's automobile followed that driven by Price to a barn about a mile and a half distant, where all four men unloaded the sugar and the defendant paid Gordon $240, at the rate of $8 per sack.

Since it is undisputed that the sugar was stolen, and that it was purchased by the defendant, the question at issue for jury determination is the state of the defendant's mind when he purchased it. While the jury is unauthorized to convict unless it finds that the defendant himself had guilty knowledge (*Von Sprecken v. State*, 70 *Ga. App.* 222, 28 S. E. 2d 341), such knowledge may be proved by circumstantial evidence, and there are sufficient circumstances here to warrant the conclusion that the defendant, when he purchased the sugar, knew it to be stolen, and did not in fact honestly believe that the vendors were sugar dealers or were authorized by the Ralston Mill to sell sugar for it. In arriving at this conclusion the jury might have considered the time and arrangements for the purchase, statements of the

defendant to Gordon showing he knew that he was taking a risk, the absence of any invoice or regular billing procedure, the contradictory statements of the defendant after his arrest, and the unlikelihood of the vendors having come into possession of such large quantities of sugar to be sold below wholesale price in a legal manner. See *Tucker* v. *State*, ante, and citations therein contained.

The trial court did not err in denying the motion for new trial. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*