45793.   ROBINSON v. McCLAIN.

PER CURIAM. The present case is before this court on an appeal by the plaintiff from a judgment in favor of the defendant in an action brought by the plaintiff seeking damages for loss of consortium resulting from the alleged negligence of the defendant

which caused injuries to plaintiff's husband in an automobile collision between automobiles operated by plaintiff and the defendant. *Held:*

1. Where a lay witness was giving an opinion as to which automobile struck the other automobile, and as to where the front of one automobile was located in the roadway at the time of the collision based upon indicia in the roadway and the damage to the automobiles, and objection was made thereto on the ground that "it was a matter for the jury to determine," the trial court did not err in sustaining such objection. See *Whatley v. Henry,* 65 Ga. App. 668, 681 (16 SE2d 214), citing *Mars v. State,* 163 Ga. 43 (7) (135 SE 410), involving the identical situation.

2. Complaint is made of the charge of the court that the evidence showed the maximum lawful speed at the time and place of the collision under investigation was 60 miles per hour is an expression of an opinion by the trial judge prohibited by *Code* § 81-1104, but does not refer to any portion of the record or transcript from which it can be determined there is an issue as to this in the case. If there were no issue as to the maximum lawful speed applicable, the charge was not reversible error. See *Ga. R. &c. Co. v. Cole,* 1 Ga. App. 33 (1) (57 SE 1026); *Daniel v. Charping,* 151 Ga. 34 (3) (105 SE 465). The burden is upon the appellant to show harmful error and where the appellant contends that certain evidence made an issue as to the lawful maximum speed at the time and place under investigation, but makes no reference to the record or transcript where such evidence may be found as required by the rules of this court, the action of the trial judge will be affirmed.

3. The evidence was sufficient to authorize the verdict found.

4. The remaining enumerations of error will not be considered for the reason that neither the enumeration of errors nor the brief submitted in support thereof contains any citations to the record or the transcript except in one instance where an alleged charge was complained of and there is a failure to give reference to the transcript where such alleged charge could be found, and these enumerations of error will be considered as abandoned. *Strickland v. English,* 115 Ga. App. 384 (2) (154 SE2d 710).

666

*Judgment affirmed. Bell, C. J., and Deen, J., concur. Pannell, J., concurs specially.*

ARGUED JANUARY 4, 1971—DECIDED APRIL 19, 1971.

*Marson G. Dunaway, Jr.,* for appellant.

*Henry A. Stewart, Sr.,* for appellee.

PANNELL, Judge, concurring specially. I do not agree with the conclusions reached in any of the cases cited in Headnote 1 of the opinion, but I am bound by the decision in them. My opinion is that a lay or expert witness may give his opinion as to the matters here involved where a proper foundation is laid therefor (*Augusta & S. R. Co. v. Dorsey,* 68 Ga. 228 (1); *Sellers v. Johnson,* 207 Ga. 166 (1) (60 SE2d 352); *Central R. v. Coggin,* 73 Ga. 689 (6); *Atlanta Street R. Co. v. Walker,* 93 Ga. 462, 465 (21 SE 48); *Cone v. Davis,* 66 Ga. App. 229 (6) (17 SE2d 849)), and his opinion testimony is not objectionable *on the ground stated.* It is my further individual view that while the opinion of any witness, lay or expert, as to the ultimate fact for determination by the jury (not arising under *Code* § 38-1708) may be inadmissible (see *Travelers Ins. Co. v. Thornton,* 119 Ga. 455 (1, 2) (46 SE 678)), that is not the case here or in *Whatley v. Henry,* 65 Ga. App. 668, supra, or *Mars v. State,* 163 Ga. 43, supra. The ultimate facts to be determined here are the negligence or lack of negligence of the parties and whether such negligence was or was not the proximate cause of the injuries.