## A99A0630. CRUMP v. McDONALD.
(520 SE2d 283)

Sмiтн, Judge.

This appeal arises from one of several actions involving the probate of the will of Gussie Butler, who died in May 1993. At her death, Butler owned realty consisting of a house, a farm, and a lot in Mitchell County, as well as certificates of deposit and accounts at the Bank of Camilla and other personalty, including furniture and jewelry. Her will named her siblings, H. P. Butler and Eloise McDonald, as beneficiaries. Named as co-executors were Eloise's son, E. Butler McDonald (hereinafter "McDonald"), and H. P. Butler. In November 1993, H. P. Butler filed a renunciation of his inheritance; his daughter, Penny Butler Crump, is his sole lineal heir. Eloise McDonald, the other heir, is incapacitated, and a guardian ad litem represents her interest.

In October 1994, McDonald filed a petition to remove H. P. Butler as his co-executor; it was denied. Another action was filed by McDonald against H. P. Butler to recover certain farm equipment and proceeds from farming operations and the sale of cattle in 1992 and 1993. That litigation apparently has not yet been concluded. In August 1995, Crump filed a petition in the Probate Court of Mitchell County to remove both her father and her cousin as co-executors, alleging waste and mismanagement, and requesting that the court appoint an independent executor. Before Crump's petition was heard or ruled on, H. P. died, leaving McDonald as sole executor. After a hearing, the probate court denied Crump's petition, and she appealed to the Superior Court of Mitchell County.

In the superior court a jury trial was held, and Crump's motion for directed verdict was neither granted nor denied. The trial court simply left it "open," and the jury returned a special verdict finding that McDonald should not be removed as executor. The motion was then denied. To perfect the record, Crump filed a motion for judgment notwithstanding the verdict, or in the alternative for a new trial, which was also denied. Crump appeals, contending the trial court erred in denying her motions for directed verdict and j.n.o.v., in its failure to give a requested jury charge, and in denying her motion for new trial. We find no error, and we affirm the judgment below.

1. Crump contends the trial court erred in denying her motions for directed verdict and j.n.o.v. Relying upon *Lokey v. Lokey*, 82 Ga. App. 171, 173 (2) (60 SE2d 569) (1950), she argues that when a fiduciary admits facts showing a breach of fiduciary duty, a directed verdict is proper. While agreeing with this general statement, we do not agree that was the case here.

The standard for granting motions for directed verdict and for j.n.o.v. is the same. *Richards v. Wadsworth*, 230 Ga. App. 421, 422 (1) (496 SE2d 535) (1998). They may be granted only when no conflict

exists in the evidence and the evidence presented, with all reasonable inferences therefrom, demands a particular verdict. OCGA § 9-11-50 (a). On appeal, the standard of review is "any evidence." This court must therefore view the evidence presented at trial and determine whether some evidence supported the jury's verdict. In doing so, we must view the evidence in the light most favorable to the party for whom the verdict was rendered. *Richards*, supra.

Applying those principles, we find that some evidence presented at trial supported the special verdict returned by the jury. Crump did present evidence of mismanagement by McDonald. She showed, for instance, that McDonald never inventoried nor appraised any of the estate's personalty; filed an estate income tax return late, causing the estate to be charged penalties and interest; withheld information necessary to value the estate for estate tax purposes from the estate's accountant for five years despite several requests; deeded Butler's house and two acres of land to his incapacitated mother, but renovated it for his personal use while paying for utilities, lawn care, and insurance from estate funds; maintained the estate's cash in low-interest passbook savings accounts at the Bank of Camilla, of which he is an officer, shareholder, and director; failed to keep basic records concerning his actions as executor; failed to provide an accounting of the estate to Crump despite repeated requests; and engaged in various acts of self-dealing.

Some of these allegations were indeed admitted by McDonald. But he also offered various explanations which, if believed, tempered the incriminating nature of the admissions. The jury heard these explanations, and it apparently believed them.

For instance, McDonald testified that he did not comply with the accountant's request for information to be used in valuing the estate because in his opinion, the estate's value would not reach $600,000, the threshold for filing an estate tax return. He stated he did not understand Butler's will to require that he give an accounting to beneficiaries until the estate was closed. He testified that he paid for maintaining and insuring Butler's house even after deeding it to his mother because some of the contents of the house were estate property, and Crump refused to travel to Camilla from her home in Marietta although he had asked her to do so on several occasions, so that this personalty could be divided. He explained that the estate income tax returns were filed late because H. P. Butler, his co-executor before his death, would not sign the returns. He also introduced into evidence a printout showing all the expenses and receipts of the estate since his appointment as executor. Because we are mandated to view the evidence presented in the light most favorable to McDonald, we are constrained to conclude that some evidence supports the jury's verdict.

Moreover, even if the jury concluded that McDonald breached his fiduciary duty, it had discretion to find that he should remain as executor. Former OCGA § 53-7-148, which was in effect at the time McDonald was appointed executor and at the time the probate court ruled on Crump's petition, provided that upon investigation of the actions of an administrator or executor, the judge of the probate court "may, in his discretion," revoke letters of administration or letters testamentary or take several other actions. Former OCGA § 53-7-148 (1)-(4). OCGA § 53-7-55, effective January 1, 1998, carries forward the provisions of former OCGA § 53-7-148, providing that the probate court "may, in the court's discretion," revoke the letters of an executor or administrator upon investigation after a petition to remove is filed, may take other specified action, or may "[i]ssue such other order as in the court's judgment is appropriate under the circumstances of the case." OCGA § 53-7-55 (1)-(4). Upon appeal to superior court, the probate court's discretion is exercised by the jury. *Patterson v. Patterson*, 208 Ga. 17, 22 (2) (64 SE2d 585) (1951); *Shackelford v. Whatley*, 172 Ga. App. 127, 128 (1) (322 SE2d 331) (1984). It is therefore apparent that "[w]here the personal interests of the representative of an estate conflict with the interests of the estate it is within the discretion of the probate judge, or in the discretion of the jury or judge acting as jury on appeal, to remove the representative. [Cits.]" *Wardlaw v. Huff*, 259 Ga. 1, 2 (2) (376 SE2d 366) (1989). See also *Nesmith v. Pierce*, 226 Ga. App. 851, 852 (1) (487 SE2d 687) (1997). And although courts have the power to remove an executor, they "are reluctant to exercise it when no strong case therefor is shown. [Cits.]" *Patterson*, supra.

Indeed, *Lokey v. Lokey*, relied upon by Crump, recognizes this very discretion. In *Lokey*, we noted that the superior court charged the jury:

Now, gentlemen, you have noticed in this charge I have given you the statement that you would be authorized to remove the administrator. I wish to emphasize that statement. It does not mean that you are directed to remove him. It is in your discretion, gentlemen, whether you will or will not remove the administrator, even if any or all of those acts charged have been proven, that being entirely a matter for you.

Id. at 174 (3). Citing the predecessor statute to former OCGA § 53-7-148, we held that removal and other measures were within the jury's discretion. Id. at 175 (3). Because removal of McDonald was within the jury's discretion but was not mandated, given the evidence in this case, the trial court properly denied Crump's motions for directed

verdict and j.n.o.v.

2. Citing *Holsenbeck v. Arnold*, 75 Ga. App. 311 (43 SE2d 348) (1947), Crump enumerates as error the trial court's refusal to give a portion of one of her requested jury charges. The omission complained of would have instructed the jury that "[t]he failure of an executor to make [an] inventory is an omission of duty and puts on him the burden of proving to the jury that he has discharged the duty of his trust with fidelity."

The trial court charged the jury in this case that unless the will provided otherwise, the executor must prepare an inventory of all the property of the decedent, file it with the probate court, and mail a copy to the beneficiaries within six months after qualifying. The court read to the jury the provision in the will relieving the executors "from making any reason or accounting to the Court," adding that the will "did not relieve the executors from accounting to the beneficiaries. The executors, by law, would be required to comply with all requirements of Georgia law, except that they were relieved from giving bond and from making any reason or accounting to the Court."

The court's charge was a correct statement of the law. In *Holsenbeck*, this court approved a charge instructing the jury that "[t]he neglect of an administrator to return a correct inventory and appraisal shall be held as sufficient ground for removal" and that the failure to do so was " 'an omission of duty' " placing upon the administrator the burden of proving the discharge of duty with fidelity. Id. at 313 (4). But this case does not involve an administrator; McDonald was an executor. While an administrator must make an inventory and appraisal, an executor may be relieved from doing so by the testator in the will, as charged by the trial court. Had the trial court given the last sentence of the requested charge, the jury would have been left with the impression that McDonald was required to make an inventory. It was for the jury to decide whether the provision in the will relieving the executors from making "any reason or accounting to the Court" relieved them from making an inventory. The trial court did not err in failing to give this portion of the requested charge.

3. Crump raises the general grounds in contending that the trial court erred in denying her motion for new trial, arguing that in addition to the error in charging, the motion should have been granted because the verdict was "contrary to evidence and justice" and "decidedly and strongly against the weight of the evidence." In reviewing a verdict after the denial of a motion for new trial,

we follow well-established principles. Where a jury returns a verdict and it has the approval of the trial judge, the same must be affirmed on appeal if there is any evidence to sup-

port it as the jurors are the sole and exclusive judges of the weight and credit given the evidence. The appellate court must construe the evidence with every inference and presumption in favor of upholding the verdict, and after judgment, the evidence must be construed to uphold the verdict even where the evidence is in conflict. As long as there is some evidence to support the verdict, the denial of [the] motion for . . . new trial will not be disturbed.

(Citations and punctuation omitted.) *MARTA v. Green Intl.*, 235 Ga. App. 419, 420 (1) (509 SE2d 674) (1998).

Because some evidence supported the jury's verdict, we cannot say the trial court abused its discretion in denying Crump's motion for new trial. We are therefore constrained to affirm the judgment.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED JULY 6, 1999 —
RECONSIDERATION DENIED JULY 28, 1999.

*Cannon, Meyer von Bremen & Goss, Stephen S. Goss*, for appellant.

*Perry & Walters, Robert K. Raulerson*, for appellee.