THE ATLANTA STREET RAILROAD COMPANY *v.* WALKER.

1. Evidence tending to show acts of negligence not declared upon is admissible as a part of the *res gestæ* of the occurrence under investigation, to explain the conduct of the parties engaged in it. Being admitted, the court should charge the jury that any negligence shown by this evidence cannot be considered as a direct and substantive basis of recovery; but it might be misleading to instruct them in general terms that they would "have no right to find anything against defendant because of" the same.

2. It is not competent for a party who, as a witness, testifies to his feelings, pains and symptoms, to state his opinion that the injuries which caused the same are permanent. Nor is it, since the change in the law allowing parties to testify in their own behalf, competent for a plaintiff, suing for physical injuries, to prove by his wife that subsequently to their infliction he frequently complained to her of pains and hurts resulting therefrom, and stated that he suffered a great deal.

3. "The rule of the road" in this State requires travellers with vehicles, when meeting, to each turn to the right. One may from motives of courtesy, or for other reasons, waive his right to have another observe this rule, but is not bound to do so. The fact that one does waive this right and in so doing drives into a dangerous place in the highway and is thereby injured, affords no excuse to a wrong-doer who caused the dangerous place to exist, and will not prevent a recovery against the wrong-doer by the person so injured, if free from negligence and otherwise entitled to recover.
October 30, 1893.

Action for damages. Before Judge MARSHALL J. CLARKE. Fulton superior court. March term, 1893.

Walker sued the railroad company for personal injuries, and obtained a verdict. The company's motion for a new trial was overruled. Plaintiff alleged, that he was employed as a drayman to haul a heavy piece of machinery, and in so doing, was proceeding out Peachtree street in Atlanta, in the center of which ran defendant's track. It becoming necessary for him to cross the same to avoid the rush of travel, he proceeded carefully to drive across, when, by reason of defendant having negligently permitted its track to be out of repair and dangerous at that point, he and the machinery were thrown from the dray and he was hurt. The fourth and fifth grounds of the motion for a new trial assigned error on the denial of requests to charge the jury thus : "There is no legal obligation upon a negro drayman with a load to give the street to a carriage, though it may contain white ladies. Each vehicle is entitled to its needful part of the street; and if there was space enough on the side of the railroad where plaintiff was, to pass any vehicle meeting him, he should so conduct himself as to allow such passage, provided you believe that a prudent man under those circumstances would have done so." For the other facts see the opinion.

N. J. & T. A. HAMMOND, for plaintiff in error.
F. R. & J. G. WALKER, *contra*.

BLECKLEY, Chief Justice.

1. The negligence alleged in the declaration against the defendant, the street railroad company, was in not properly paving and keeping in repair the interior portions of its street railroad track; in allowing and permitting great ruts and holes therein, near the iron railings thereof; and in maintaining and allowing the said iron railings greatly above the adjoining interior of said track, whereby the rear wheels of plaintiff's dray were thrown around, and he greatly injured and damaged.

The court admitted evidence, the plaintiff himself being the witness, that "The street-car man was whipping the horses and coming pushing me, coming across that place, one of the hind wheels crossing from the left hand side," &c. This testimony was objected to, because there was no pleading to warrant it. In admitting it the court stated to the jury, that it was not admitted as a basis for recovery by the plaintiff against the defendant, but as explanatory of the circumstances under which the injury occurred. In this there was no error. Whether whipping the horses was or was not negligence, it was a part of the *res gestæ* of the occurrence under investigation, and was relevant to explain the conduct of those engaged in it. Nor was there any error in declining to charge as requested, that, "The jury have no right to find anything against the defendant because of the running or movement of cars, there being no allegation that their running was in any way wrong." The court sufficiently guarded the jury against treating the manner of running the cars as a direct and substantive basis of recovery, and this was enough. Had the charge been given in the terms requested, the jury may have understood that in making up their verdict they had no right to consider the conduct of the driver of the car, even as explanatory of the plaintiff's conduct on the occasion. It is not necessary to allege the whole environment and *res gestæ* of the transaction in order to admit evidence of the same, or to authorize the jury to consider and give proper weight to each relevant fact and circumstance. When negligence, which, together with the injuries sustained from it, constitutes a cause of action, is properly alleged, acts of defendant or indeed of any one else, which tend to show why and how such negligence produced injury to the plaintiff, may be presented to the jury. It often happens that one set of acts in themselves lawful and right, contribute materially to the pro-

duction of injury by another set of acts in themselves negligent or wrongful.

2. The plaintiff testifying as a witness in his own behalf, after stating that he had suffered pain ever since the injury, and was still suffering ; that he could not lift as well as he did; and that in lifting anything heavy, he suffered at night from it ; that he suffered more in cloudy than in fair weather; that there was pain in his ankle, his leg-bone ached, and that his back hurt him every time he lifted any little thing, was allowed to give his opinion that he would feel the injury as long as he lived; that his pain and suffering would be permanent. The view of the court was, that as the question of permanency was one of opinion, the plaintiff, although no expert, was competent to give an opinion in connection with his reasons for it. In this, we think the court was mistaken. Whether the injuries and their effects were permanent or temporary, was certainly matter of opinion, but the jury, in so far as they were unaided by expert evidence, should have been allowed to form their own opinion, not from that of non-experts, but from the facts as proved by the witnesses. The plaintiff was competent to testify to his feelings, pains and symptoms, as well as to all the characteristics of the injury, external and internal. This was the limit of his competency, and any opinion legitimately arising out of the facts could be more safely formed by the jury than by him. Scarcely anything is less reliable than a sick plaintiff's opinion of his own case when he is in pursuit of damages. True, the code, in sec. 3867, declares that, "Where the question under examination and to be decided by the jury is one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor." The class of questions here referred to must be such as lie within the range of common opinion, although they may be somewhat within the province of scientific opinion also.

A fair illustration would be the question of sanity or insanity. Any witness may give his opinion upon such questions after stating the facts on which it is founded. But suppose the question were, whether, in a given case, insanity was permanent or temporary. This would be a question for scientific experts, and no court would think of taking the opinion of an ordinary witness upon it, with or without the facts on which the opinion was founded. Such a witness would be competent, upon stating the facts, to testify to his belief of the sickness or health of any one or that he suffered pain. But this is a very different matter from taking his opinion upon the question of when and how sickness would terminate, or whether a state of pain would be temporary or permanent. Non-expert opinion might be relied on to take the step from observed facts to a present state or condition, but to pass upon these same facts, the present state and condition included, to a probable future state and condition, might be within the competency of expert opinion only. We think this is so, in such a case as the present more especially, where a part of the facts are not objective, but wholly subjective, consisting of the feelings and sensations of the witness himself, and being accessible to no other witness. How could such testimony be answered? How could the opinion of this non-expert be met by a conflicting opinion of another witness of his own class? No other witness could possibly know what his sufferings are or have been, so as to make them a basis of belief or non-belief as to their permanent character or as to whether they would be only temporary. The code surely does not intend that internal facts, facts of mere individual consciousness, shall be used as a basis of the opinion which it contemplates as being admissible in evidence, where the question is one of opinion. Both for this reason and because the question on which the witness in this case was per-

mitted to give his opinion was a scientific question, we think the evidence should have been excluded.

The plaintiff's wife was permitted to testify to his complaints made in her hearing. She said he complained of his side a great deal; and being told to state all of his complaints, she said his head hurt him and his side and his leg, he suffered a great deal. Such evidence as this, by a witness other than the wife of a party, was competent and admissible, so long as the law excluded parties from being witnesses in their own behalf, but now that they are, by statute, competent to testify, and where, as in this case, the testimony is heard from the plaintiff himself, who knew the facts of pain and suffering, his wife, whose knowledge of them was derived from hearsay, was not competent to prove complaints which were no part of the *res gestæ* of the injury. The ground on which such evidence was formerly deemed competent, was the ground of necessity. That necessity no longer exists. The higher and better evidence is that of the person who has actual knowledge of the truth of the pains and other feelings to which the complaints relate. This view is taken by the Court of Appeals of New York in the case of Roche *v.* Brooklyn &c. R. R. Co., 105 N. Y. 294. The reasoning of that case is entirely satisfactory, and applies as forcibly in Georgia as it does in New York. Indeed, before parties were made competent witnesses, the wife of the plaintiff could not be heard to testify at all in favor of her husband. The same statute which rendered her competent to testify for him, rendered him competent to testify for himself. Code, §3854.

From the two errors in admitting evidence which we have discovered and discussed, a new trial results.

3. We wholly disagree with the counsel for the railroad company as to the effect of the plaintiff's deviation from "the rule of the road." That rule exists for the

benefit of travellers, and not for the behoof of one who has wrongfully caused a bad condition of the road or street. The wrong-doer has no right to say, that if you had not waived in favor of another traveller the place which was your due, the other might have been hurt but you certainly would not. Such a waiver, whether from courtesy or for any other reason, was not negligence on the part of the plaintiff relatively to the defendant, and could not prevent him from recovering, if he was otherwise free from negligence. The rule which requires travellers, on meeting, to pass to the right, applies between traveller and traveller, that is, between those who use the road, and not between them and those charged with making the road or keeping it in repair. 12 Am. & Eng. Ency. of Law, 957 *et seq.*; Ell. Roads and Streets, 618 *et seq.* There was no error in declining to charge the jury as requested in writing by counsel for the company, as set out in the fourth and fifth grounds of the motion for a new trial.                          *Judgment reversed.*