28966.   CONE *v.* DAVIS.

DECIDED NOVEMBER 29, 1941.

*Davis & Davis, Neely, Marshall & Greene, W. Neal Baird,* for plaintiff in error.

*Bynum & Frankum,* contra.

MACINTYRE, J. A judgment was returned in favor of Sallie Dills Davis against Harold L. Cone and Howard Dills for injuries alleged to have resulted from the concurrent negligence of said defendants. Cone excepted to the overruling of his demurrer and his motion for new trial.

■ The petition alleged that the injuries were received in the following manner: The plaintiff was riding as a guest in the automobile of Dills which was driven by him. Both cars were proceeding down the highway in the same direction. Cone's automobile led. Dills' automobile followed at a distance of about twenty-five to forty feet. As they rounded a sharp blind curve Cone stopped suddenly, Dills' automobile collided with the rear of Cone's car, and the plaintiff received the injuries complained of. As to Cone, the petition alleged that he failed to exercise ordinary care in that he was driving on a sharp blind curve at an excessive rate of speed of "more than forty to forty-five miles per hour;" he failed to reduce the speed of the automobile "on the approach and on said curve as required by law;" he failed to keep a close lookout as to the movement of Dills' automobile; he did not exercise ordinary care to prevent the accident for he had "ample space of at least thirteen feet on his [Cone's] right side of the road, or highway, of free passage without any obstruction;" he did not drive his automobile on the same, and suddenly "brought his automobile from a speed of more than forty to forty-five miles per hour to a stop immediately in front of the automobile driven by said Dills," without giving the statutory hand and arm signal or extending the hand and arm horizontally from beyond the left side of the automobile. No sudden emergency causing an instinctive action on the part of Cone was shown by the petition. The petition showed only the ordinary perils of the road, and a violation of certain rules of the road by Cone which was alleged to be a failure to exercise ordi-

nary care, and concurred with the alleged negligence of Dills to cause the collision. We think the petition was sufficient to withstand a general demurrer as to Cone.

As to Dills, the plaintiff alleged that he was grossly negligent, and failed to exercise any care with reference to the plaintiff in driving at approximately the same speed as Cone at a distance of from twenty-five to forty feet in the rear of Cone's automobile; in approaching and rounding said blind sharp curve at forty to forty-five miles per hour; in failing to keep a close lookout as to the movement of Cone's automobile; in not reducing the speed of his automobile as he approached and rounded the curve as required by statute; in not applying his brakes and preventing the collision; and in driving an automobile "without brakes needed that would hold when applied." As to Dills also we think the petition was sufficient to withstand a general demurrer based on the ground that it did not allege gross negligence against the driver of the rear car, and therefore, under the pleadings, the contention of Cone that the court had no jurisdiction over him or the subject-matter is not meritorious.

■ The court did not err in allowing the plaintiff to qualify the jury as to the relationship of any of its members to stockholders in the Metropolitan Casualty Insurance Company, there being sufficient evidence introduced to authorize the court to find that the defendant Cone was insured by said company. This ruling comes within the rule in *Atlanta Coach Co.* v. *Cobb,* 178 *Ga.* 544 (174 S. E. 131) ; *Tatum* v. *Croswell,* 178 *Ga.* 679 (174 S. E. 140) ; *Coleman* v. *Newsome,* 179 *Ga.* 47 (174 S. E. 923).

■ Since the matters contained in the motion for continuance are not likely to occur on another trial, the order of the court overruling the motion will not be reviewed.

■ The uncontradicted evidence disclosed that at the time of the accident the legal speed limit of this State was forty-five miles per hour, and that Cone's automobile (hereinafter referred to as the front car) was running about forty-three miles per hour around a sharp blind curve on a paved highway, the paved portion of which was the customary eighteen feet. The statute provides that "an operator in rounding a curve shall reduce his speed." Dills' automobile (hereinafter referred to as the rear car), in which the plaintiff was riding as a guest, had followed the front car for some time

and at a distance of approximately thirty-five to forty feet and at a speed of approximately forty-three miles per hour. A hog suddenly appeared in the road in front of the front car. Cone testified: "The hog appeared' on the left-hand side of the highway, which was the left-hand side of the road and the inside of the curve, and came out in the middle of the road. When I saw him I judge he was thirty to forty feet ahead of me, and going from the left to the right. The first impulse I had was to put on brakes rather than try to dodge him, and I couldn't attempt to go the same side of the road. . . After the accident happened Dills told me he saw the hog at the same time I did, and asked me why I didn't run into the embankment on the right-hand side rather than have the wreck. There was an embankment on the right side beyond the shoulder of the road, which shoulder was, I imagine three or four feet wide. I got off on that shoulder before I was struck." Thus, the hog was crossing the road from left to right with respect to the direction in which the automobiles were traveling. The driver of the front car suddenly stopped his car, immediately on seeing the hog, but did not give the statutory hand signal that he was stopping. The rear car ran into the front car and, according to a passenger in the rear car, if Dills had applied his brakes immediately he would have prevented the wreck.

"It is well settled that an automobile driver, who by the negligence of another and not by his own negligence is suddenly placed in an emergency and compelled to act instantly to avoid a collision or injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he did not make the wisest choice. . . Nor, if he so acts under these circumstances, is he guilty of *contributory negligence.*" 6 A. L. R. 680. (Italics ours.) "Where one is confronted with a sudden peril requiring instinctive action, he is not, in determining his course of action, held to the exercise of the same degree of care as when he has time for reflection." 1 Blashfield's Automobile Law, 476, § 668. Where in a sudden peril requiring instinctive action two alternatives, the one of stopping the car the other of trying to go around the hog, were presented to the driver of the front car as a means of escape from collision, either of which might fairly have been chosen by a reasonably prudent person, the law will not hold the driver guilty of negligence in taking either,

though he did not make the wiser choice. Id. 481, § 670. We do not think the situation here presented was one of the ordinary perils of the road, but it was one of a discomposing exigency. The probabilities are that the driver of the front car was startled by the sudden appearance of the hog, and that he acted instinctively, and involuntarily put on his brakes in order to avoid a collision with the hog. But whether this be true or not, the conduct of the hog created the emergency in which the driver acted in good faith and in accordance with his best degree of skill. This action was not such as to amount to actionable negligence. Olson v. Hermansen 196 Wis. 614 (220 N. W. 203). If there was no time between the first appearance of the hog and the happening of the accident to observe strictly the statutory rule of caution with reference to stopping by holding out the hand and arm, the driver of the front car can not be charged with actionable negligence under these circumstances for a failure so to do. Waters v. Meriwether Transfer Co., 18 La. App. 18 (137 So. 581); 1 Blashfield's Automobile Law, 487, § 671. Furthermore, the uncontradicted testimony disclosed that the left front glass on the front car was up at the time the emergency arose. We do not think there was anything in the evidence to show that the driver of the front car was negligent in attempting to avoid a collision with the hog, nor was it shown that he did anything in attempting to avoid a collision with the hog that any ordinarily prudent person would not have done when suddenly placed in such a perilous situation. If he had not attempted to avoid the consequences of hitting the hog, the result might have been more disastrous than that which followed the course he pursued. Burhans v. Burhans, 159 Md. 370 (150 Atl. 795).

The plaintiff says there was plenty of room for the driver of the front car to turn to the right of the hog and pass it, and he could thus have prevented a collision; but the driver of the front car says that, due to the fact that the hog was crossing the road from his left to his right and was headed toward the right shoulder of the highway (which is uncontradicted), he chose to put on his brakes to avoid hitting the hog rather than attempt to pass it on the side of the highway toward which it was going. It might be noted that the means the driver adopted to escape a collision with the hog did in fact avoid such collision. Thus it seems to us that under the uncontradicted evidence, both that of the plaintiff and of the de-

fendant, the driver of the front car was confronted, not with an ordinary peril of the road, but with an emergency which was of such character as to require of him instinctive action, and that he had two alternatives as a means of escaping a collision with the hog, either of which might have been used by a reasonably prudent person, and if it be conceded that the plaintiff chose either, the law would not hold him guilty of negligence. Mitchell v. Ernesto (La. App.), 153 So. 68. The verdict was sustained by the evidence as to Dills, and therefore the court had jurisdiction of the alleged joint tort-feasor, Cone. However, under what has been said, the evidence did not authorize a finding against Cone on the merits of the case, for in an action by said guest against the driver of the front car, such driver was not negligent, when he was confronted with a sudden peril not arising from any fault of his own, in attempting to avoid bodily harm to himself, in choosing one of two alternatives presented, either of which might fairly have been chosen by a reasonably prudent person, even though in so acting he caused injury to another person (a guest in the rear car) who had not in any way contributed to the condition creating the peril. But if the driver of the front car himself was the cause of the emergency, he could not take advantage of this principle of law.

■ The only qualification of the witness as an expert disclosed in special ground 3 was that he was sheriff and that he had driven an automobile for three or four years. Even if we should concede that his evidence as a whole would qualify him as an expert and that he could properly testify that with good brakes a man can not stop an automobile driven forty miles per hour in twenty-five feet, yet, when followed by the question: "Then, on that curve, if these defendants were driving from forty to forty-five miles per hour on that sharp curve where the collision occurred, would that or not be an excessive rate of speed?" and the question: "A man driving— is it your opinion or not, a man driving on a curve that close together and at that rate of speed would not be driving in a reckless manner and not in regard to safety?" with positive answers to each, it was harmful error to allow the witness to so testify. The evidence should have been excluded on proper, timely objection. The effect of these answers was that in the opinion of the witness the defendant Cone was guilty of one of the acts of negligence alleged. "'Opinions, even expert opinions, are allowed by law of ex-

ception to the general rule that a witness is to give facts observed, but not his conclusions from them, and they are to be allowed only when there is real helpfulness or a necessity to resort to them.'" *Metropolitan Life Insurance Co.* v. *Saul,* 189 *Ga.* 1, 9 (5 S. E. 2d, 214). The general rule is that a non-expert witness "must know the facts which he states as reasons for his opinion. An expert may give an opinion upon a state of facts testified to by other witnesses." *Central Railroad* v. *Senn,* 73 *Ga.* 705, 711. "Where the question at issue is one of *opinion merely,* as that of sanity or insanity, solvency or insolvency, personal identity, handwriting, age, etc.—in all such cases it should be allowable for the witness to give his opinion coupled with the facts from which it is formed. Where *matters of fact* are to be tried—as contracts, crimes, trespasses on the case, torts, and such like—the testimony should be restricted to words and facts only." *Berry* v. *State,* 10 *Ga.* 511, 513 (20, 21); Code, §§ 38-1708, 38-1710.

The issue here is not one of opinion merely, but the matter of fact to be tried is one of tort (negligence). The primary question and the ultimate fact to be determined by the jury was whether the defendant had been guilty of any of the acts of negligence alleged, for if he had been guilty of any one of them a recovery could be had. Whether the witness be an expert or a non-expert, he can not testify that from the preliminary or evidentiary facts detailed to him, or from the preliminary or evidentiary facts which he knew, the defendant was guilty of any one of the acts of negligence relied on for a recovery. Looking to the nature of the investigation, the ultimate fact of negligence, this is not a proper matter for an opinion of a witness whether he be an expert or a non-expert. Negligence or no negligence was the very issue the jury were impanelled to try. It was the province of the jury to draw the conclusion that the defendant had been guilty of negligence, and not the province of a witness, the sheriff. If this could be done, then the opinions of a score of persons who had driven automobiles for numbers of years could equally be asked, and all of them would be superfluous and calculated to encumber the trial without adding anything to the essential data already before the jury, and from which data the jury were capable of readily drawing their own conclusion. The witness's inferences are unnecessary and his influence should not be brought into the case. *Pride* v. *State,* 133 *Ga.* 438, 440

(66 S. E. 259). Where as here "it is possible for them [the jury] to take the same elements and constituent factors which guide the expert to his conclusions and from them alone make an equally intelligent judgment of their own, independently of the opinion of others, then undoubtedly this should be done." *Metropolitan Life Insurance Co.* v. *Saul,* supra. The effect of the sheriff's testimony was that in view of all the preliminary facts outlined it was his opinion that the defendant Cone was guilty of one of the acts of negligence alleged. From the preliminary facts as detailed the jury were fully capable of drawing their own conclusions. It was their province, their right and duty, to form their own conclusions as to the ultimate fact of negligence, uninfluenced by the opinion of the witness. *Harris* v. *State,* 188 *Ga.* 745 (4 S. E. 2d, 651). The court erred in allowing the questions and answers. *Fowler-Flemister Coal Co.* v. *Evans,* 20 *Ga. App.* 200 (92 S. E. 1010); *Bailey* v. *Ga. Power Co.,* 32 *Ga. App.* 793 (124 S. E. 907); *Southern Railway Co.* v. *Abercrombie,* 45 *Ga. App.* 623 (165 S. E. 901); *Macon, Dublin & Savannah Railroad Co.* v. *Stewart,* 125 *Ga.* 88 (54 S. E. 197).

■ The plaintiff was asked: "From all the past experience and suffering that you have had, an inability to get well and walk on that leg, do you think it is permanent?" Defendant's counsel interposed an objection that the question was leading and an answer thereto would be in effect a medical opinion which she could not give. The objection was overruled. The plaintiff was then asked: "Just go ahead; what was it you said as to whether in your opinion your injuries are permanent?" She answered: "I will not ever be well; ever since I got hurt I get worse instead of better." The defendant contends that the plaintiff being a lay witness the question and answer should have been excluded for the reasons stated in the objection. "The opinions of experts, on any question of science, skill, trade, or like questions, shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." Code, § 38-1710. "Where the question under examination, and to be decided by the jury, shall be one of opinion, any witness may swear to his opinion or belief, giving his reasons therefor, but if the issue shall be as to the existence of a fact, the opinions of witnesses, generally, shall be inadmissible." Code, § 38-1708. "The class of questions here referred to must be such as lie

within the range of common opinion." *Atlanta Street R. Co.* v. *Walker,* 93 *Ga.* 462, 465 (21 S. E. 48). That is, an opinion which is supposed to be within the common knowledge, experience, and education of men. 20 Am. Jur. 651, § 781 (5). The injury here was substantive and of such a nature that a witness of only common knowledge could not with reasonable certainty know whether or not the injury would be permanent. Id. 649, § 778 (19). It was error to allow a party who was a witness to testify that in her opinion her injury was permanent.

■ The basis of a motion for a mistrial was an objectionable answer of a witness for the plaintiff, which was not responsive to any question propounded by counsel for the plaintiff, that the defendant had liability insurance. The answer having been ruled out by the court at the suggestion of *plaintiff's* counsel we do not think it is likely to occur on another trial, and no ruling is made with reference to the motion for a mistrial.

■ Grounds 4 and 5 complain that the judge should have made certain additional charges with reference to the burden of proof. A thorough reading of the charge reveals that the judge charged generally on the subject of the burden of proof and if any additional instruction was required an appropriate written request should have been made. *Malleable Iron Range Co.* v. *Caffey,* 64 *Ga. App.* 497, 500 (13 S. E. 2d, 722); *Haugabrooks* v. *Metropolitan Life Insurance Co.,* 63 *Ga. App.* 829 (3) (12 S. E. 2d, 163); *Gunn* v. *Harris,* 88 *Ga.* 439 (5); *Small* v. *Williams,* 87 *Ga.* 681 (6), 686 (13 S. E. 589).

■ The judge charged the jury with reference to matters in the petition that had been stricken by amendment. This was evidently an oversight and is not likely to occur on another trial.

■ The excerpt from the charge complained of in ground 7 is in the language of the charge excepted to in *Langran* v. *Hodges,* 60 *Ga. App.* 567 (3), 569 (4 S. E. 2d, 489), and the exception is controlled adversely to the defendant by that case. *Atlanta & West Point R. Co.* v. *Haralson,* 133 *Ga.* 231 (4) (65 S. E. 437); *City Council of Augusta* v. *Owens,* 111 *Ga.* 464 (8) (36 S. E. 830).

■ The interpolation in the charge, objected to in ground 8, was inapt in the use of the word "knowledge" instead of "constructive notice," and should not be given on a retrial of the case.

■ Having decided that the emergency was created by the sud-

den appearance of the hog in the road and not by any act of Cone, the part of the charge excepted to in ground 9, stating the principle of law applicable only where the defendant created the emergency and was seeking to take advantage of such emergency, was inapt and not adjusted to the undisputed facts of this case.

■ Grounds 10 and 11 refer to certain occurrences that happened on the return of the verdict. These matters will probably not occur on another trial.

■ The defendant invoked the rule for the sequestration of the plaintiff's witnesses, and moved the court to require the plaintiff to be examined first as a witness. The correct rule is stated in *Boutelle* v. *White*, 40 *Ga. App.* 415 (149 S. E. 805), as follows: "The trial judge has no right to exclude from the courtroom, during the taking of testimony, a party to the case on trial. [Citations.] It is a matter entirely within the discretion of the trial judge as to whether he will require that the testimony of a party to the case be taken before the taking of the testimony of the party's witnesses. *Tift* v. *Jones*, 52 *Ga.* 538 (4)." It does not appear that this discretion was abused in the instant case.

■ The verdict and judgment were against Cone and Dills jointly. Only Cone excepted. It is the opinion of this court that the evidence did not authorize a verdict against him, and as to him the judgment is

*Reversed. Broyles, C. J., and Gardner, J., concur.*