33880.   AUTRY *v.* GENERAL MOTORS BOP ASSEMBLY PLANT.

Decided February 19, 1952—Rehearing denied March 6, 1952.

*James R. Venable, D. M. Johnson,* for plaintiff.

*W. Neal Baird, Neely, Marshall & Greene, Ferdinand Buckley,* for defendant.

TOWNSEND, J. (After stating the foregoing facts.) The question is whether there is any competent evidence in the record which would support a finding that the disability which the claimant now suffers is the result of the accident of January 27, 1951. The defendant in error contends that there is none, since the matter of the cause of the disability is essentially one of opinion, and a lay witness is incapable of testifying when such testimony is necessarily a matter of expert opinion, such as whether a sore on the back caused the insured's death (*Johnson* v. *Aetna Life Insurance Co.*, 24 *Ga. App.* 431, 101 S. E. 134), or whether the injuries are permanent in character (*Cone* v. *Davis,* 66 *Ga. App.* 229 (6), 17 S. E. 2d, 849). The diagnosis and treatment of injury and disease are essentially medical questions to be established by physicians as expert witnesses and not by laymen. *Mayo* v. *McClung,* 83 *Ga. App.* 548 (64 S. E. 2d, 330). However, although these are apt subjects for expert medical testimony, and the physician may testify as to his opinion of the cause of an injury, he may not testify to the ultimate fact in such manner as to invade the province of the fact-finding body, for whether the particular injury was or was not caused in such manner as to render it compensable is the issue to be tried, and no testimony in the nature of opinion evidence will preclude the fact-finding tribunal from reaching its own conclusion on this matter, given the facts of the case and aided by the interpretation of experts. See *Travelers Insurance Co.* v. *Thornton,* 119 *Ga.* 455 (1) (46 S. E. 678); *U. S. Casualty Co.* v. *Smith,* 34 *Ga. App.* 363, 372 (129 S. E. 880); *Liberty Mutual Insurance Co.* v. *Williams,* 44 *Ga. App.* 452 (1) (161 S. E. 853); *Atlantic Steel Co.* v. *McLarty,* 74 *Ga. App.* 300, 304 (39 S. E. 2d, 733). The director was not bound by the testimony of the physicians on the ultimate issue of fact, that of causation. The undisputed evidence showed that the claimant did suffer an injury to his left

foot; that in about three weeks thereafter it developed a thickening and extreme localized pain, together with discoloration; that the condition of the foot continued to deteriorate, as a result of which he suffers a disability, according to the company doctor, of 25%. Three doctors disagreed upon the precise medical diagnosis of the ailment, although the diagnoses of Drs. Kelly and Jernigan are closely related. Metatarsalgia of the foot is a causalgia, which is defined in the authorative new work, Gray's "Attorney's Textbook of Medicine", Vol. II, § 107.28, in part as follows: "Causalgia was described by Weir Mitchell in 1864 as a most intense form of neuritis, found among the wounded of the Civil War. . . The cause is not known. Symptoms appear most frequently from four to five days following injury, gradually increasing until reaching a maximum within three to four weeks. Pain is generally superficial rather than deep, usually at the end of the nerve, such as the palm of the hand or the sole of the foot."

Dr. Jernigan testified as follows: "I don't believe it is the result of an injury. I believe it is the result of a flattening out of the anterior arch of the foot and a traumatizing of the nerve by the bones rubbing together over a period of time. To the best of my knowledge that is what causes a neuroma. Sometimes there is a controversy among doctors, however." "Traumatism" is defined in Black's Law Dictionary as "A diseased condition of the body or any part of it caused by a wound or external injury." It follows, therefore, that, while the opinion of the doctors who testified was that the injury was not caused by an accident, yet the facts upon which this opinion was based are sufficient to have authorized the director to find otherwise. The director, not being a physician, could not diagnose the physical condition of the claimant. Nevertheless, when it was diagnosed by the physicians, it became the province of the director to apply this diagnosis to the facts of the case. In considering this diagnosis and these facts, including the fact that prior to the occurrence the claimant's foot had given him no trouble, and that he first began to experience pain in the foot a few days thereafter, which became very acute within three or four weeks thereafter, the director was authorized to find that the claimant was injured by the falling of a heavy object on his foot, which resulted in a

504

flattening out of the anterior arch and a traumatizing of the nerve as a result thereof. The award was supported by some evidence and, no fraud appearing, it must be upheld.

The judge of the superior court erred in reversing and setting aside the award of the Board of Workmen's Compensation.

*Judgment reversed. MacIntyre, P. J., and Gardner, J., concur.*