38010.   GULF LIFE INSURANCE COMPANY *v.*
BRASWELL.

Decided January 28, 1960.

*Tindall & Tindall, J. D. Tindall, Jr., J. F. Kemp,* for plaintiff in error.

*Bruce W. Kirbo,* contra.

TOWNSEND, Judge. ■ In both the general grounds of the motion for new trial and in the motion for a judgment notwithstanding the verdict it is contended that a verdict in favor of the defendant was demanded by the evidence for the reason that the evidence conclusively established that the plaintiff's loss of his limb was due, not to the blister which constituted his accidental bodily injury, but to diabetic gangrene, or at least that a finding was demanded that the diabetes so contributed to the loss as to preclude recovery. The danger of the development of gangrene in the lower extremeties in diabetic cases as a result of arteriosclerosis resulting from the disease is commonly recognized. Encyclopedia Americana, Vol. 9, p. 54; Collier's Encyclopedia, Vol. 6, p. 437. Courts have held that in such cases the loss is not due to accidental means independent of all other causes. Roeper v. Monarch Life Ins. Co., 138 Pa. Super. 283 (11 A. 2d 184); Romanoff v. Commercial Travelers' Mut. Acc. Assn., 243 App. Div. 725 (277 N. Y. S. 291). The medical testimony here, both of the physician testifying for the plaintiff and the physician testifying for the defendant agreed that diabetes renders one prone to circulatory disorder and resulting in infection and gangrene in the bodily extremities, and also that diabetes is an incurable disease the symptoms of which do not disappear. However, the doctor testifying for the claimant who examined him after the amputation found he had no diabetes, took him off insulin and placed him on antibiotics, under which his condition changed for the better, and tested him twice thereafter for diabetes with negative findings. When asked why the claimant, if he did not have diabetes, had an abnormal healing period he replied that he had poor circulation. Whether this would be due to hardening of the arteries he could not say; it is usually caused by poor circulation and the failure to heal is, in the witness' opinion, inherent in him because of poor circulation. The jury was authorized to find from this testimony that the admitted condition which led to gangrene and to abnormally slow healing, was not the result of diabetes but the result of an inherently poor circulatory system, which is not itself, so far as the evidence shows, a disease, illness, or bacterial infection. The evidence accordingly did not demand a finding in favor of the defendant.

The motion for a judgment notwithstanding the verdict and for a new trial on the general grounds is without merit.

■ The court did not err, as contended in the first special ground of the amended motion for new trial, in instructing the jury in substance that in the construction of insurance policies the interpretation most favorable to the insured is to be adopted, that ambiguities and doubts are resolved in favor of liability and that exceptions are construed liberally in favor of the insured, as against the contention that the policy was unambiguous and there was nothing to be construed. The instruction is in the language of *Thornton* v. *Travelers' Ins. Co.*, 116 *Ga.* 121, 126 (42 S. E. 287, 94 Am. St. Rep. 99), is a correct statement of law, and the only question raised is whether it is applicable to language such as occurs in this policy. It was applicable in the *Thornton* case as to very similar language. This court has wrestled too often with the exact phrases here used to say with any honesty that they are not subject to construction as applied to varying states of facts. This special ground is without merit.

■ Error is assigned on the following instruction: "If you find that the injury of this party was from a disease and not from a bodily injury, then the plaintiff would not be entitled to recover, but if it was caused by a bodily injury and just aggravated by some disease that developed or possibly already in existence, then if it was the proximate cause of it, plaintiff would be entitled to recover according to the terms of the policy." The policy excludes any loss resulting from bodily injury which is caused *or contributed to* by disease. If the disease of diabetes substantially contributed to the loss of the limb and resulting disability so that in the absence of such disease the loss would not have occurred there can be no recovery, and on the other hand if there is a pre-existing disorder or illness at the time of the injury, recovery may still be had if the injury was severe enough to have caused the entire damage or considerable damage. In *Prudential Ins. Co. of America* v. *Kellar*, 213 *Ga.* 453 459 (99 S. E. 2d 823) the Supreme Court, reversing the Court of Appeals, quoted with approval the following from Appleman, "Insurance Law and Practice," Vol. 1, 494, § 403: "From this, it has been held that where a diseased condition aggravates the re-

sult of the injury or is, itself, aggravated thereby, there can be no recovery, where the combined result is to cause the death or disability. This has been particularly supported where the death or disability would not have resulted from the external injury alone, but with the combination of injury and disease, the loss is produced." As to this instruction the defendant in error again relies on language in the *Thornton* case, supra, which, however, is interpreted in the *Kellar* case (p. 457) to mean: "Did the condition of the insured in having at the time of his death a . . . disease, contribute to his [disability] in whole or in part, directly or indirectly?" This court is bound by the interpretation and construction given by the Supreme Court to its former decisions. *State Highway Dept.* v. *Wilson,* 98 *Ga. App.* 619 (1) (106 S. E. 2d 544). The instruction given here would allow a recovery if the disease so aggravated the injury that the plaintiff was forced to have his leg amputated although he would not have lost the leg save for the presence of the disease. Under the rule in the *Kellar* case, where the loss would not occur save for the aggravation caused by the pre-existing disease, and the disease is not itself the result of the injury, the plaintiff cannot recover. This is in harmony with *Harris* v. *Metropolitan Life Ins. Co.,* 66 *Ga. App.* 761, 764 (19 S. E. 2d 199) in which it was held: "It is not contended that the insured sustained an injury in the collision which by itself would have produced death, and there is no evidence to support such a contention. Consequently, the case falls within the category of a death caused or contributed to wholly or partially by disease, and for such a death the company is not liable." On the other hand, see *Mutual Savings Life Ins. Co.* v. *Hines,* 96 *Ga. App.* 442 (100 S. E. 2d 466) involving a substantially similar provision, where recovery was permitted, the evidence showing that the insured suffered very intense burns culminating in nephritis, congestion of the lungs, and ultimate death. In that case the injury itself resulted in the complications from which the loss was suffered; here, and in the *Kellar* and *Harris* cases, there was evidence pointing to the conclusion that a disease not related to the injury so combined with it as to produce the loss. It was this distinction which the court

failed to convey to the jury by his instruction, and which constitutes reversible error.

The trial court erred in denying the motion for new trial.

*Judgment affirmed in part and reversed in part. Gardner, P. J., and Carlisle, J., concur.*