43741.   METROPOLITAN LIFE INSURANCE COMPANY
v. ABBOTT.

Argued June 4, 1968—Decided September 23, 1968—
Rehearing denied November 1, 1968.

*Lovejoy, Mayer, Allen & Quillian, Charles W. Allen, Charles J. Willis,* for appellant.

*Richter & Birdsong, Horace E. Richter, A. W. Birdsong, Jr.,* for appellee.

HALL, Judge. The contract covered death "as a result, directly and independently of all other causes, of bodily injuries sustained . . . solely through violent, external and accidental means," and excluded death "caused wholly or partly, directly or indirectly, by disease, or bodily or mental infirmity."

Evidence of the following facts was presented and was not contradicted: The insured fell on steps at work and hit his head, thereafter became incoherent and unconscious, was hospitalized and before he died 2½ days later was diagnosed as having pneumonia. The insured had pre-existing heart and lung diseases. Medical reports and opinions were that pneumonia, pulmonary emphysema, heart failure, and cerebral concussion from the fall were causes of death.

The plaintiff relies on the decision and opinion in *Hall v. General Acc. Assur. Corp.,* 16 Ga. App. 66 (85 SE 600), in which Judge Russell reasoned that a contract for insurance against death resulting solely from an accident must be construed to insure against accident which is the "underlying essential proximate cause" of death. We do not decide, but for the purposes of this decision may assume that there was some evidence that would authorize an inference and finding that the insured's injury from the fall was the essential proximate cause of his death. However, the *Hall* case, whether or not we ap-

prove its underlying policy, and any others which have followed it are nullified by the decision in *Prudential Ins. Co. of America v. Kellar*, 213 Ga. 453, 457 (99 SE2d 823), in which the Supreme Court approved the holding in *Harris v. Metropolitan Life Ins. Co.*, 66 Ga. App. 761 (19 SE2d 199), as well as other authorities, that under language like that in the present accident policy the insurer is not liable if the death of the insured was due wholly or in part to a pre-existing disease, notwithstanding an accident may have precipitated his death. Accord *Gulf Life Ins. Co. v. Braswell*, 101 Ga. App. 133 (112 SE2d 804). Therefore, the issue is whether the evidence would authorize an inference and finding that pre-existing disease was not a contributing cause of the insured's death. In this case there was no evidence that would authorize a finding that the insured's heart and lung diseases did not contribute to cause his death. The result is the same even if we assume that the insured's fall was not caused by his heart and lung difficulties, and that his pneumonia had its beginning after the fall. *Harris v. Metropolitan Life Ins. Co.*, supra.

The plaintiff also relies on *Thornton v. Travelers Ins. Co.*, 116 Ga. 121 (42 SE 287, 94 ASR 99) and *Pippin v. Mutual Life Ins. Co. of N. Y.*, 108 Ga. App. 741 (134 SE2d 446). While there is some basis for the plaintiff's interpretation of *Thornton*, that case was thoroughly considered by the Supreme Court in *Prudential* and this court must accept the meaning of *Thornton* as expressed in *Prudential* at page 457: "Were we to apply the facts in the instant case to the test as to liability set forth in the *Thornton* case, they would read as follows: Did the condition of the insured in having at the time of his death a heart disease, contribute to his death in whole or in part, directly or indirectly? If it did so contribute, the insurer would not be liable." At p. 459, the Supreme Court buttressed this principle by the following quote from Appleman, Insurance Law and Practice: "Where a diseased condition aggravates the result of the injury or is, itself, aggravated thereby, there can be no recovery, where the combined result is to cause the death or disability. This has been particularly supported where the death or disability would not have resulted from the external

injury alone, but, with the combination of injury and disease, the loss is produced."

The *Pippin* case, supra, is distinguishable for the reason that in that case "the evidence would authorize . . . a finding that neither the fall nor the death was contributed to by disease or mental infirmity, from which the insured might have been suffering at the time of the fall." *Pippin v. Mutual Life Ins. Co. of N. Y.*, 108 Ga. App. 741, 751.

The trial court erred in denying the insurer's motion for judgment notwithstanding the verdict.

*Judgment reversed. Bell, P. J., and Quillian, J., concur.*