43764. THOMASON et al. v. WILLINGHAM, Administratrix.

ARGUED JULY 1, 1968—DECIDED NOVEMBER 19, 1968— REHEARING DENIED DECEMBER 2 AND DECEMBER 11, 1968—

822

*Fulcher, Fulcher, Hagler, Harper & Reed, J. Walker Harper, W. M. Fulcher,* for appellants.

*Franklin H. Pierce,* for appellee.

EBERHARDT, Judge. Enumerations of error which are not argued in appellant's brief are deemed to have been abandoned.

A charge excepted to and enumerated as error was: "I charge you that a motorist has a right to follow another motorist at a reasonable and safe distance. However, he must govern his speed or keep back a reasonably safe distance so as to provide for the contingency of a car in front suddenly stopping, and he must keep a proper lookout for the car immediately preceding him so that he can avoid a collision, or can turn out sufficiently to pass without going across the street in the way of traffic approaching from the opposite direction, as that would result in a collision with such traffic."

The exception is that the charge places an absolute duty on the motorist to stop or be able to stop under any and all circumstances, when the true rule is that he is required to exercise ordinary care and drive his vehicle in the manner of an ordinarily prudent man.

The exception is meritorious. The charge places the duty on the motorist to drive "so that he can avoid a collision, or can turn out sufficiently to pass." Generally the exercise of ordinary care will enable him to do that, but whether there is a collision or whether he can turn out sufficiently to pass is not wholly dependent upon his actions. He may be unable to do either, even though he is in the exercise of ordinary care. Actions of other drivers, road hazards and other matters may intervene and bring about a collision with the car ahead or with another vehicle, when the defendant is without fault, or only partly at fault.

Neither *Code Ann.* § 68-1641 nor § 68-1626 "nor any other provision of law of which we are aware, places an absolute duty on any driver to avoid a collision. All the circumstances and conditions at the time and place, including the conduct of other drivers, must be taken into account." *Flanigan v. Reville,* 107 Ga. App. 382 (2) (130 SE2d 258). Accord: *Davenport v. Robinson,* 109 Ga. App. 753 (137 SE2d 380); *Attaway v. Morris,* 110 Ga. App. 873 (5) (140 SE2d 214). The Uniform Act Regulating Traffic on Highways (Ga. L. 1953, Nov. Sess., p. 556, et seq.), as amended, "imposes certain statutory duties upon drivers of automobiles, with reference to persons and property using the highway in the ordinary course of travel. These are cumulative, and do not destroy the common law duties of drivers of automobiles relatively to persons and property using the highway. The duty at common law of a driver of an automobile, relatively to persons and property on the highway, is to exercise ordinary care to avoid injuring them. . . 'The standard of ordinary and reasonable care is invariable, such care being that of every prudent man. . . But the care of a prudent man varies according to the circumstances, dependent upon the degree of danger.'" *Giles v. Voiles,* 144 Ga. 853 (1) (88 SE 207).

In *Giles* the Supreme Court dealt with a charge that "The degree of diligence which must be exercised in a particular exigency is such as is necessary to prevent injuring others," which was held to have been too broad in its requirement, just as we find to be the case here. The court had also charged (as had been held in *Denson v. Ga. R. & Elec. Co.,* 135 Ga. 132 (68 SE 1113)) that "A power company in furnishing electricity to patrons, with respect to employees of the latter rightfully upon the premises of the patron and likely to come into contact with wires carrying the current supplied, is bound to use ordinary care, which demands that the power company shall use such diligence in preventing injuries to such employees as is commensurate with the danger involved in the use and control of such a subtile and deadly agency as electricity," and this the court disapproved, asserting that "The excerpt from the charge excepted to purported to state the rule of care which the law exacted of the defendant, but in doing so stated the rule too strongly against the defendant . . . the court informed the jury that [the defendant] was bound to a degree of diligence which would prevent injury to the plaintiff. This, in effect, imposed upon the defendant the duty of observing the diligence required of an insurer, and eliminated all such questions as accident, contributory negligence, and the duty of the plaintiff to exercise ordinary care to avoid the consequences of the defendant's negligence. It was the equivalent of instructing the jury that it was the duty of the defendant to avoid injury to plaintiff's property at all events." We find the same criticism appropriate relative to this charge.

The rule is correctly stated in *Hay v. Carter,* 94 Ga. App. 382, 384 (94 SE2d 755), as taken from Cardell v. Tennessee Electric Power Co., 79 F2d 934, 936. While the quotation from Blashfield found in *Jackson v. Camp & Brown Produce Co.,* 92 Ga. App. 359, 363 (88 SE2d 540), and in *Parker v. Bryan,* 93 Ga. App. 88, 90 (91 SE2d 49), from which the charge here was obviously lifted, may be acceptable for use in the writing of a textbook or of an opinion, it is inappropriate for use in charging the jury for the reasons which we have stated. *Southern Cotton Oil Co. v. Skipper,* 125 Ga. 368 (9) (54 SE 110); *Macon R. & Light Co. v. Vining,* 123 Ga. 770 (2) (51 SE 719).

■ Prior to plaintiff's death his deposition was taken and was used at the trial. On direct examination plaintiff's counsel asked him: "As a result of the accident which you were involved in on January 27, 1964, has that affected your sex life in any way?"

Defendant objected to the question and to the answer sought from the plaintiff on the ground that it called for a medical opinion from a lay witness, who was not competent to give one. The objection was overruled and plaintiff answered, "Definitely so, yes."

He was also asked: "Would you say that the injuries you received on January 27, 1964, have aggravated to any extent any other injuries which you had prior to that time?"

The same objection was interposed to this question and it was overruled, whereupon plaintiff answered: "[None] other than the discomfort I've had to suffer ever since that thing happened, the loss of the use of this hand, and not being able to perform my normal duties."

These questions and answers come within the proscription of *Atlanta Street R. Co. v. Walker*, 93 Ga. 462 (21 SE 48); *Cone v. Davis*, 66 Ga. App. 229, 236 (17 SE2d 849); *Hamby v. Hamby*, 103 Ga. App. 826, 832 (121 SE2d 169), and others of like tenor, holding that a layman is not competent to give such an opinion. As was asserted by Chief Justice Bleckley in *Atlanta Street R. Co. v. Walker*, supra, "The plaintiff was competent to testify to his feelings, pains and symptoms, as well as to all the characteristics of the injury, external and internal. This was the limit of his competency, and any opinion legitimately arising out of the facts could be more safely formed by the jury than by him." He could testify that there had been a decrease in his sexual activity since the accident, but as to whether the decrease was caused by the injuries received in the accident a medical opinion was required.

This testimony should have been excluded.

■ Defendant excepts to the verdict as being excessive, but since we are reversing the case and sending it back for another trial in which the result may be altogether different, we find it unnecessary to pass upon this exception.

*Judgment reversed. Felton, C. J., and Whitman, J., concur.*