## 47058. EVERETT v. HOLMES.

EBERHARDT, Presiding Judge. Holmes, the plaintiff, was injured when the motorcycle which he was riding struck defendant's automobile in a street intersection. Defendant was traveling south, while plaintiff was traveling east as they approached the intersection. Southbound traffic was usually controlled by a fixed traffic "Stop" sign, but it had been knocked down by a previous accident and was not in place at the time. Consequently, defendant had no visual warning of the fact that southbound traffic was required to stop, and she drove on into the intersection. Plaintiff testified that he and the defendant came up to the intersection at about the same time, with the defendant "just a nose" ahead, and that they traveled at about the same speed. Plaintiff sustained serious injuries.

On trial of the case before a jury a verdict was returned for the plaintiff and defendant appeals from the judgment thereon, enumerating as error the overruling of her motion for new trial, and two portions of the charge to the jury. *Held:*

1. Since there is some evidence under which the jury was authorized to find the defendant to have been negligent, the general grounds of the motion for new trial are without merit.

2. The court charged that the plaintiff "is competent to testify concerning his physical condition and permanency of his injuries and you can give that testimony as much weight as you so desire."

Defendant excepted, contending that the charge was not abstractly correct and further that there was no evidence that the plaintiff had suffered permanent injuries.

It is true that a layman may not testify giving his opinion as to whether his injuries are permanent. *Cone v. Davis,* 66 Ga. App. 229 (17 SE2d 849); *Atlanta Street R. Co. v. Walker,* 93 Ga. 462 (21 SE 48); *Thomason v. Willingham,* 118 Ga. App. 821 (165 SE2d 865). However, a reading of

this record does not reveal any attempt of the plaintiff so to assess his injuries. He did testify concerning his injuries, how they had affected him up to the time of the trial, what his activities had been, the pain that he had suffered, etc., but it appears that his testimony falls within that which is permissible under this rule, as outlined by Chief Justice Bleckley in the *Atlanta Street Railroad* case, supra (p. 465): "The plaintiff was competent to testify to his feelings, pains and symptoms, as well as to all of the characteristics of the injury, external and internal. This was the limit of his competency, and any opinion legitimately arising out of the facts could be more safely formed by the jury than by him."

Having the testimony before it, the province of the jury was to determine whether the injuries were permanent in nature and assess damages accordingly.

The charge would have been better phrased had it omitted the reference to permanency, simply instructing that the plaintiff was competent to testify concerning his injuries and their characteristics. But it would have been entirely proper to say to the jury that they should, from the testimony before them, determine whether the injuries were temporary or permanent. We do not regard this charge as being sufficiently harmful to require the grant of a new trial.

3. The court charged that an impairment of one's capacity to work is compensable as an element of pain and suffering, and defendant excepted, urging that there was no competent evidence of any permanent injury, or of any impairment of capacity to work before the jury and thus that the charge was not authorized.

There was evidence from which the jury was authorized to find that plaintiff had suffered some permenent injury and that this had impaired his capacity to labor in the field or area for which he had been trained—the coaching and supervising of athletics in schools. The charge was authorized and was abstractly correct. *Williams v. Vinson,* 104 Ga. App. 886, 892 (123 SE2d 281, 91 ALR2d 889).

*Judgment affirmed. Deen and Clark, JJ., concur.*
ARGUED APRIL 5, 1972—DECIDED APRIL 19, 1972—
REHEARING DENIED MAY 4, 1972—

*Burnside, Dye & Miller, A. Montague Miller,* for appellant.

*Allgood & Childs, Thomas F. Allgood,* for appellee.