## 31311. HUNNICUTT v. HUNNICUTT.

HALL, Justice.

The husband appeals an award of permanent alimony in the amount of $550 per month. His sole enumeration of error is that the trial court erred in allowing the wife to testify over objection that she was suffering from a disease known as recurrent phlebitis with depressive reaction. She also testified that such disease prevented her from holding employment.

The diagnosis and potential continuance of a disease are medical questions to be established by physicians as expert witnesses and not by lay persons. *Metropolitan Life Ins. Co. v. Saul,* 189 Ga. 1 (5 SE2d 214) (1939); *Autry v. General Motors &c. Plant,* 85 Ga. App. 500, 502 (69 SE2d 697) (1952). However, a review of the record convinces us

that the error was harmless and does not warrant a new trial. As Justice Bleckley said almost a century ago "Wrong directions which do not put the traveler out of his way, furnish no reason for repeating the journey." *Cherry v. Davis,* 59 Ga. 454, 456 (1877). The doctrine of harmless error is also found in the CPA. "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." Code Ann. § 81A-161.

*Judgment affirmed. All the Justices concur, except Gunter, J., who concurs in the judgment only.*

SUBMITTED JULY 13, 1976 — DECIDED SEPTEMBER 8, 1976.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, Kice H. Stone,* for appellant.

*Westmoreland, Patterson & Moseley, Carl E. Westmoreland, Stewart R. Brown,* for appellee.