### 61663. JORDAN v. UNITED INSURANCE COMPANY OF AMERICA.

SHULMAN, Presiding Judge.

Plaintiff-insured brought suit against defendant-insurer after its refusal to compensate plaintiff for the loss of his leg. Although we sympathize with plaintiff's suffering, we have no recourse but to affirm the judgment of the court below, granting defendant's motion for summary judgment.

In his complaint, plaintiff stated that on or about November 17, 1978, he fell and broke his leg, severely scraping and bruising his left foot, and that the amputation of his left leg was the result of complications arising from that injury. Plaintiff contended that the loss of his leg was covered under the terms of his policy with

defendant.

That policy reads in pertinent part as follows: "United Insurance Company of America [defendant] . . . Does hereby insure the person named as the Insured [plaintiff] . . . *against loss of life, limb or sight resulting solely from bodily injury* received during the term of this policy and *effected directly and independently of all other causes through bodily injury by accident. . .*" (Emphasis supplied.)

On motion for summary judgment, defendant presented the expert opinion of plaintiff's physician that the loss of plaintiff's leg was attributable to arteriosclerotic occlusion (hardening of the arteries) — that there was no causal relationship between the gangrenous condition of plaintiff's left foot (which necessitated its amputation) and his fall and fracture of that foot. Plaintiff presented no evidence in rebuttal. We find that the defendant's uncontradicted evidence that plaintiff's loss did not result "solely from bodily injury . . . effected directly and independently of all other causes" mandates a verdict in its favor.

Even assuming, as plaintiff contends, that there was a causal relationship between the fracture of plaintiff's leg and its gangrenous condition, defendant presented uncontradicted evidence that independent diseases suffered by plaintiff were, at the very least, a contributing factor to the loss of his leg. Plaintiff's skeletal complaint alleging that "complications" from his fall led to the amputation of his leg does not address defendant's evidence that those complications were due to diseases suffered by the plaintiff. Since plaintiff did not rebut defendant's evidence with evidence that the gangrenous condition of his foot *did* "result solely from bodily injury" — that the fall and fracture were the direct and independent cause of the condition of his foot — plaintiff is precluded from recovering against the defendant under the terms of his policy with defendant. Compare *Life Ins. Co. v. McDaniel,* 141 Ga. App. 746, 747 (234 SE2d 379); *United Ins. Co. v. Monroe,* 115 Ga. App. 747 (156 SE2d 99); *Metropolitan Life Ins. Co. v. Abbott,* 118 Ga. App. 587 (164 SE2d 859).

Inasmuch as expert opinion testimony was essential to a determination of the causal factors in the gangrenous condition of plaintiff's leg, the expert testimony of plaintiff's attending physician was sufficient to support the grant of defendant's motion for summary judgment. *Howard v. Walker,* 242 Ga. 406 (249 SE2d 45).

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

DECIDED MAY 13, 1981.

*Franklin E. Remick,* for appellant.
*Wallace Miller III,* for appellee.