73211. EBERHART v. MORRIS BROWN COLLEGE.
(352 SE2d 832)

CARLEY, Judge.
From 1979 until 1982, appellant-plaintiff attended appellee-defendant Morris Brown College on a football scholarship. Appellant alleges that appellee had verbally agreed to provide him with all necessary medical treatment should he sustain an injury while playing football. Appellant was injured while playing football for appellee and appellee did make provision for him to receive free medical treatment from certain designated team physicians. Several years later, appellant instituted the instant suit against appellee to recover for certain other medical expenses that he had himself personally incurred. None of the expenses for which recovery was sought had been incurred in connection with treatment by appellee's designated team physicians. The evidence showed that appellant had become dissatisfied with the treatment afforded by the team physicians and had elected to seek treatment elsewhere. Some of the expenses had been incurred while appellant was a student athlete and some had been incurred long after appellant had left the school and had entered the work force. Some had been incurred in connection with treatment by a physician to whom appellant's coach had originally referred him. Others had been incurred in connection with treatment by physicians who had no prior connection whatsoever with appellant's original football injury.

In addition to these various medical expenses, appellant also sought to recover attorney fees.

Appellee answered, denying the material allegations of the complaint. However, prior to trial, appellee did pay a number of appellant's medical bills incurred in connection with the treatment rendered by the physician to whom appellant had been originally referred by his coach. When the case came on for a trial before a jury, appellant was the only witness produced in support of his claim. During appellant's testimony, he identified numerous medical bills pursuant to OCGA § 24-7-9, and those bills were admitted into evidence accordingly. At the close of appellant's evidence, appellee moved for a directed verdict. Based upon appellant's failure to produce any medical testimony to the effect that those physical infirmities from which he suffered subsequent to his departure from appellee's athletic program had as their probable cause his prior football injury, the trial court directed a verdict in favor of appellee as to several thousand dollars in medical expenses that appellant had incurred in 1985. As to some $600 in medical expenses that the evidence showed was owed in connection with treatment from the physician that appellant's coach had originally authorized him to consult, appellee, in effect, admitted liability and the trial court directed a verdict for appellant. With regard to the issue of attorney fees, the trial court directed a verdict for appellee.

Appellant petitioned this court for a discretionary appeal pursuant to OCGA § 5-6-35 (a) (6). Appellant's application was granted and the instant appeal results.

1. The direction of a verdict in favor of appellee is enumerated as error. Appellant urges that his burden of proof was met when his medical bills were admitted pursuant to OCGA § 24-7-9.

"Prior to enactment of [OCGA § 24-7-9] it was harmful error to admit [medical bills] unless they were identified by experts as being reasonable and necessary. [Cit.] The 1970 statute accomplished three goals: (1) it eliminated the necessity of having the person submitting the bill to testify; (2) it made it unnecessary to produce an expert witness to prove such charges were reasonable and necessary; and (3) it made laymen competent witnesses to identify such bills." *Lester v. S. J. Alexander, Inc.*, 127 Ga. App. 470, 472 (193 SE2d 860) (1972). Thus, in order to secure the admission of medical bills into evidence all that is now "required [is] that it be shown such expenses were incurred in connection with the treatment of the injury, disease or disability involved in the subject of litigation at the trial, which may be done by lay testimony. [Cit.]" *Lester v. S. J. Alexander, Inc.*, supra at 470 (1). In the instant case, appellant identified numerous medical bills as having been incurred in connection with the football injury that was the subject of his suit. The medical bills were cor-

rectly admitted into evidence by the trial court. See generally *Harper v. Samples*, 164 Ga. App. 511, 514 (4) (298 SE2d 29) (1982); *Monson v. Brown*, 163 Ga. App. 42, 44 (3) (292 SE2d 486) (1982); *Glennville Wood Preserving Co. v. Riddlespur*, 156 Ga. App. 578, 581 (4) (276 SE2d 248) (1980).

However, OCGA § 24-7-9 is only a statutory rule of evidence regarding the admission of medical bills. It does not purport to obviate a plaintiff's further satisfaction of the evidentiary obligation to demonstrate the liability of the defendant for the damages being sought. Notwithstanding the admission into evidence of medical bills, a plaintiff must still prove that his injury is within the coverage of the policy of insurance under which a recovery is sought. Cf. *Jordan v. United Ins. Co. of America*, 158 Ga. App. 520 (281 SE2d 286) (1981). Appellee had not assumed the responsibility of an insurer for all medical expenses that appellant might incur throughout his life, but only such expenses as were related to his football injury. Whether appellant's prior football injury, which was suffered some years earlier, was a causal factor in the physical condition which underlay his medical expenses for 1985, was a medical question. " ' "Medical questions" ' may be defined as those 'concerning highly specialized expert knowledge with respect to which a layman can have no knowledge at all, and the court and jury must be dependent on expert evidence.' [Cit.]" *Cherokee County Hosp. Auth. v. Beaver*, 179 Ga. App. 200, 204 (2) (345 SE2d 904) (1986). "The diagnosis and potential continuance of a disease are medical questions to be established by physicians as expert witnesses and not by lay persons. [Cits.]" *Hunnicutt v. Hunnicutt*, 237 Ga. 497 (228 SE2d 881) (1976). " '[I]t is not one of those matters which jurors must be credited with knowing by reason of common knowledge. . . .' [Cits.]" *Cherokee Hosp. Auth. v. Beaver*, supra at 205 (3). See also *Jordan v. United Ins. Co. of America*, supra. Compare *Jester v. State*, 250 Ga. 119-120 (1) (296 SE2d 555) (1982) (holding "that a stab wound penetrating entirely through the heart causes death, is not a matter . . . which should even require expert testimony."); *Self v. Executive Committee*, 245 Ga. 548 (266 SE2d 168) (1980) (holding that the question of whether a blow to the head can cause death would not appear to be a "medical question" requiring expert testimony).

As a statutory rule of evidence regarding the admission of medical bills, OCGA § 24-7-9 does not also purport to invest a lay plaintiff with the capacity to render an expert medical opinion. "A lay witness is not competent to give what amounts to a medical opinion relative to his injuries or the effect thereof." *Thomason v. Willingham*, 118 Ga. App. 821 (2) (165 SE2d 865) (1968). A lay plaintiff is " 'competent to testify to his feelings, pains and symptoms, as well as to all of the characteristics of the injury, external and internal. This [is] the limit

of his competency. . . .' " *Everett v. Holmes*, 126 Ga. App. 208, 209 (190 SE2d 568) (1972). Accordingly, appellant "could testify that there had been a [worsening of his physical condition] since the [football injury], but as to whether the [worsening] was caused by the injuries received in the [football game] a medical opinion was required." *Thomason v. Willingham*, supra at 825 (2).

It follows that appellant's testimony was sufficiently competent to authorize the admission of his medical bills into evidence pursuant to OCGA § 24-7-9, as an expert witness is no longer required to lay the foundation for the introduction of medical bills. Had appellant adduced additional medical testimony that his subsequent physical condition was the possible result of his prior football injury (see *National Dairy Prods. Corp. v. Durham*, 115 Ga. App. 420, 422-424 (154 SE2d 752) (1967)), the jury would perhaps have been authorized to award appellant those medical expenses as the special damages that he sought. However, appellant produced no such medical evidence. See generally *Jordan v. United Ins. Co. of America*, supra. Compare *Holley v. Smallwood*, 174 Ga. App. 365 (330 SE2d 136) (1985); *Maurer v. Chyatte*, 173 Ga. App. 343, 344-345 (326 SE2d 543) (1985); *Georgia Cas. &c. Co. v. Jernigan*, 166 Ga. App. 872, 877 (54) (305 SE2d 611) (1983); *National Dairy Prods. Corp. v. Durham*, supra. Accordingly, the trial court did not err in granting a directed verdict in favor of appellee.

2. Appellant enumerates as error the trial court's refusal to admit a document into evidence. It was and is appellant's contention that the document was admissible pursuant to OCGA § 24-7-9. However, it is clear that the document does not purport to be a medical "bill" within the statutory ambit of OCGA § 24-7-9. Accordingly, the trial court did not err in refusing to admit it into evidence under that provision.

3. The grant of a directed verdict in favor of appellee as to attorney fees is enumerated as error.

Even assuming without deciding that appellant otherwise met his burden of demonstrating an entitlement to a recovery of attorney fees pursuant to OCGA § 13-6-1, he did not meet his burden of introducing sufficient evidence as to the amount of reasonable attorney fees that was recoverable. "Proof of what was paid for professional services is not, without more, sufficient proof of their value." *Allen v. Harris*, 113 Ga. 107 (4) (38 SE 322) (1901). "Inasmuch as [appellant's] testimony . . . did not give the jury [a] sufficient basis upon which to award a reasonable amount for attorney fees," the trial court did not err in granting a directed verdict in favor of appellee. *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203) (1981).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 15, 1987.

*W. Jason Uchitel*, for appellant.
*Lenwood A. Jackson*, for appellee.